## ALFRED CHINBERG v. THE GALE SULKY HARROW MANUFACTURING COMPANY.

1. PROMISSORY NOTE; *Evidence, Error in Excluding.* Where an action is brought upon a promissory note, a copy of which is attached to the petition, and defense of payment is made, and evidence is offered tending to show that the defendant paid and took up the note sued on, *held,* error for the court to refuse to permit the defendant to offer as testimony the note taken up and paid by him, although his signature had been torn off.

2. ANSWER, *Verifying—Practice.* When it is important and in further-
ance of justice that an answer should be verified, the court should
allow the answer to be verified by the affidavit of the defendant, his
agent, or attorney, even during the trial, but may impose upon the
defendant such terms as under the circumstances are proper.

*Error from McPherson District Court.*

ACTION by *The Company* against *Chinberg,* upon a promis-
sory note. Trial at the April Term, 1886, and judgment for
plaintiff. The defendant brings the case here. The opinion
states the facts.

*E. M. Clark,* for plaintiff in error.

*Milliken & Hulse,* and *Lucien Earle,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action on a note given in pay-
ment for a combined Gale sulky harrow and drill, sold by
the Gale Sulky Harrow Manufacturing Company, to Alfred
Chinberg, on September 21, 1883. The amount of the note
was sixty-five dollars, payable with interest on or before
October 1, 1884. The action was tried in the district court
on appeal from a justice of the peace. The defenses were,
payment, and also a breach of warranty.

Chinberg testified, among other things, that he delivered
the note which he gave for the harrow and drill to E. A.
Burk, the agent of the manufacturing company from whom
he made the purchase; that a few days afterward Burk in-
troduced him to John H. Webb, at McPherson, and stated in
the presence of Webb, that he, Webb, was an agent of the
Gale Sulky Manufacturing Company; that a few days after-
ward he saw Burk and Webb again together in McPherson,
and talked with them about the harrow he had purchased;
that he tried to get them to take it back, but that they refused
to do so; that on November 22, 1883, Webb came to his
place and said to him that the agents of the company needed
money to pay their livery and hotel bills, and if he would
take up his note, he could have it for forty dollars; that he

told Webb he would have to borrow the money if he took up the note, but informed him he would see him in McPherson the next day; that Webb then went away; that he went to McPherson on the next day, met Webb in front of the Commercial Hotel, and was asked by him to go to his room in the hotel, where he kept his papers; that after they reached the room Webb took several notes out of his pocket-book and looked them over, and finally found the one signed by him (Chinberg); that after he (Chinberg) had examined the note and recognized it from the signature, dates, etc., as the one he had executed, he paid Burk forty dollars; that Burk tore off the signature and handed him the note; that he requested Burk to mark it paid, and thereupon Webb wrote across the back as follows: "Mr. Alfred Chinberg has paid this note in full.— JNO. H. WEBB." He also testified that he had preserved the note or paper returned to him, and offered the same as testimony. The company objected upon the ground that the execution of the note sued upon had not been denied under oath. The objection was sustained, and then he asked permission of the court to amend his answer so as to put in issue the execution of the note, upon such terms as the court might impose. This was also refused.

Of these rulings and some others, complaint is made, and we think very properly. The Gale Sulky Harrow Manufacturing Company offered evidence tending to show that Webb ceased to be an agent of the company on October 10, 1883, and that he had no authority to accept or receive payment of the note. The trial court should have permitted the note paid by Chinberg to be introduced in testimony. The note executed by him was payable to the company or bearer, and if Webb was actually in possession of the note at the time of payment, it was *prima facie* evidence of his authority to receive payment. (*Eggan v. Briggs*, 23 Kas. 710.) The fact that Chinberg's signature had been torn from the note was no good reason for refusing it as testimony. It should have gone to the jury for what it was worth.

It is claimed on the part of the manufacturing company that the note paid was a copy only of the original note, and that Webb had fraudulently induced Chinberg to pay forty dollars for the copy, for which the manufacturing company is not responsible.    Whether the alleged note presented by Chinberg is the original note, or a copy only, was a matter for the jury, and the court should not have deprived Chinberg of the benefit of this testimony.

Again, after refusing Chinberg the opportunity to present as a part of his testimony the note which he alleged he had paid, it was error for the trial court to refuse to permit him to put in issue the execution of the note sued on.    Evidently Chinberg believed when he paid the forty dollars and received the alleged note from Webb, that he was taking up the original note executed by him.    Only a copy of the original note was attached to the bill of particulars, and when it was attempted to be shown that he had paid forty dollars for a copy which had been in some illegitimate way obtained, he should have been permitted to have had this question fairly put in issue; and therefore it was necessary that the execution of the note should have been denied under oath.

We think under the circumstances of this case as shown by the record, the court ought to have permitted the amendment. (*Gaylord v. Stebbins*, 4 Kas. 42.)

As to the other matters alleged in the brief, we refer to *Craver v. Hornburg*, 26 Kas. 96; *Lyon v. Martin*, 31 id. 411; *Mfg. Co. v. Nicholson*, 32 id. 666; *Mfg. Co. v. Nicholson*, 36 id. 383.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.