## TOOTLE, HOSEA & CO. v. JOHN WELLS.

1. ACTION — *Only One Cause.* A balance due on an account constitutes only one cause of action.

2. ACCOUNT — *Balance Due — Interest.* Interest may be recovered on a balance due on an account, and especially so where the parties have agreed that interest shall be paid on such balance.

*Error from Neosho District Court.*

THIS was an action brought by *Tootle, Hosea & Co.*, before a justice of the peace of Neosho county, against *John Wells*, to recover $129.20, alleged to be due as interest on an account. The plaintiffs' amended bill of particulars, omitting title and signature, reads as follows:

"1. Plaintiffs say that they are now, and have been for more than three years last past, partners, doing business under the firm-name of Tootle, Hosea & Co.

"2. That defendant, John Wells, at various times between the 1st day of July, 1883, and the 1st day of April, 1884, bought various bills of goods, wares and merchandise from

plaintiffs, and between the 1st day of November, 1883, and the 15th day of September, 1885, made various payments on same, a full and detailed statement of said purchases and payments being hereto annexed, marked 'Exhibit A,' and made a part hereof.

"3. That it was agreed and understood between plaintiffs and defendant, at the time of the receipt by defendant of the invoices of each of said bills of goods and the bills rendered therefor by plaintiffs before the maturity of each of said bills of goods, that the amount of each of said bills of goods remaining due and unpaid at the maturity thereof would draw interest from that date at the rate of 10 per cent. per annum.

"4. That the total amount of said interest, as above specified, from the maturity of each of said bills of goods to the 14th day of September, 1885, upon the balances remaining unpaid at the various times set out in said 'Exhibit A,' is $129.20.

"5. That defendant is indebted to plaintiffs in the sum of $129.20, for interest as aforesaid, which defendant has refused and still refuses to pay, though often requested so to do.

"Wherefore, plaintiffs ask judgment against defendant for the sum of $129.20, with 10 per cent. interest thereon from September 14, 1885, and costs of suit."

"Exhibit A," referred to in the amended bill of particulars, shows an account for goods sold and delivered by the plaintiffs to the defendant in various amounts, and at various times, from July 17, 1883, up to September 14, 1885, amounting in the aggregate to $3,102.84, and for moneys paid by the defendant to the plaintiffs in various amounts, and during the same period of time, amounting in the aggregate to $3,102.84, and a claim for interest on the several balances, amounting in the aggregate to $129.20. After judgment in the justice's court the case was appealed to the district court, where the defendant demurred to the foregoing bill of particulars upon the following grounds:

"1. That the causes of action therein stated are improperly joined, and not numbered as required by law.

"2. That the said bill of particulars or petition herein filed does not state facts sufficient to constitute a cause of action."

On April 14, 1886, this demurrer was sustained by the court and the plaintiffs' action dismissed, and judgment was ren-

dered in favor of the defendant and against the plaintiffs for costs; and to reverse these rulings the plaintiffs bring the case to this court.

*Lapham & Brewster*, for plaintiffs in error.

*G. W. McClelland*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The defendant demurred to the plaintiffs' bill of particulars upon the following grounds:

"1. That the causes of action therein stated are improperly joined, and not numbered as required by law.

"2. That the said bill of particulars or petition herein filed does not state facts sufficient to constitute a cause of action."

This demurrer was sustained by the court below, and the plaintiffs' action dismissed.

We think the plaintiffs' bill of particulars set forth only one cause of action, and therefore that the first ground of the defendant's demurrer is untenable. The bill of particulars set forth an account between the plaintiffs and the defendant running from July 17, 1883, up to September 14, 1885, and during all that time there was a balance due in favor of the plaintiffs and against the defendant. This balance at all times constituted one, and only one, cause of action. (*Waffle v. Short*, 25 Kas. 503.) But even if this account had constituted several causes of action, still they could all have rightfully been joined in one action, for they are all founded upon contract. (Civil Code, § 83, subdiv. 2.) And further, a demurrer will not lie against a pleading supposed to be defective only in not separately numbering the several causes of action supposed to be stated therein. (Civil Code, § 89.)

But the defendant, by the second ground of his demurrer, also claimed that the bill of particulars did not state any cause of action. We think it did. Interest may be recovered upon a balance due on an account. (*Gas Co. v. Schliefer*, 22 Kas. 468.) And certainly where the parties expressly agreed that interest should be paid on any balance that might be due at

any time on the account, as was the case in the present action, we think interest may be recovered.

The judgment of the court below will be reversed, and the cause remanded with the order that the defendant's demurrer be overruled; and for such other and further proceedings as may be proper in the case.

All the Justices concurring.