THE SOUTHERN KANSAS RAILWAY COMPANY v. A. C. GOULD.

ACCOUNT, *What is* — *Civil Code.* Where a claim or demand for money arises out of contract, either express or implied, and is for something furnished or performed by one party for another, but is not founded upon a promissory note or other instrument in writing, and a statement of such claim or demand is made out in detail and in writing by the claimant or demandant, and presented to the other party, such statement constitutes an account within the meaning of § 84 of the justices act and § 108 of the civil code.

*Error from Sumner District Court.*

THE facts are stated in the opinion. Judgment for plaintiff *Gould*, at the May term, 1888. The defendant *Railway Company* brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap*, for plaintiff in error.

*Ray & Neustadt,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of Sumner county by A. C. Gould against the Southern Kansas Railway Company, in which action the plaintiff filed the following bill of particulars, omitting title and signature, to wit:

"The plaintiff, A. C. Gould, states that he is a *bona fide* resident of the state of Kansas, and has a family, which he supports wholly by his wages or salary earned from his personal services as brakeman, in which capacity he has been working for the defendant for four months last past, which defendant is a corporation doing business by virtue of and under the laws of the state of Kansas; that said wages when earned are necessary for the maintenance and support of his family; that the defendant is indebted to the plaintiff in the sum of sixty dollars and sixty cents, for services rendered as brakeman, at the special instance and request of the defendant, for the month of January, 1887, and ten days in the month

of February, 1887, at fifty-five dollars per month, making a total of sixty dollars and sixty cents, which sum is just, due, and unpaid, and which defendant refuses to pay, although often requested to do so; wherefore, plaintiff prays judgment against the defendant for the sum of sixty dollars and sixty cents, and for all costs."

This bill of particulars was duly verified by the oath of the plaintiff. No verified denial nor indeed any denial was ever filed in answer to the plaintiff's bill of particulars. Upon this bill of particulars the justice of the peace rendered judgment in favor of the plaintiff and against the defendant for the amount claimed by the plaintiff; and the defendant appealed to the district court, where a like judgment was rendered. When the case came on for trial in the district court, a jury was waived, and the plaintiff, without introducing any evidence, moved the court orally for a judgment in his favor for the amount claimed in his bill of particulars. This motion was sustained by the court, and judgment was rendered accordingly, the defendant excepting. A motion was then filed by the defendant to set aside the judgment, and for a new trial, which motion was overruled; and the defendant excepted, and then, as plaintiff in error, brought the case to this court, making the plaintiff below the defendant in error.

The only question involved in this case is, whether the bill of particulars of the plaintiff states an "account" within the meaning of § 84 of the justices act, and § 108 of the civil code. These two sections are substantially the same. Section 84 of the justices act reads as follows:

"SEC. 84. In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or any appointment or authority, or the correctness of an account, duly verified by the affidavit or affirmation of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the opposite party, his agent or attorney."

The word "account" has various meanings and shades of meaning, and is used in various ways. Where it is used alone, and without words of limitation, extension, qualifica-

tion, or explanation, it is almost equivalent to the word "claim" or "demand;" but the word is generally so used that it can be known precisely what is meant by it. Among others, we have accounts, mutual accounts, book accounts, bank accounts, long accounts, open accounts, running accounts, accounts current, accounts closed, accounts rendered, and accounts stated. The words "an account" are used in § 84 of the justices act, and the words "any account" are used in § 108 of the civil code. These words are as broad and comprehensive as they well could be, and there do not appear to be any other words in these sections limiting their signification. There are other statutes in which the word "account" is used. In § 28 of the act relating to counties and county officers, General Statutes of 1889, ¶ 1647, that word is used as the equivalent of the word "claim" or "demand," for the word in that section includes every kind of claim or demand against a county which could legally be presented to a board of county commissioners for allowance. (See also Gen. Stat. of 1889, ¶¶ 5953, 6586.)

Just how the question presented in this case should be decided, is not clear, but it is believed by this court that we should give the word "account," as used in the aforesaid §§ 84 and 108, its broadest signification. Whenever a suit is brought before a justice of the peace for money, if not brought upon a promissory note nor upon any other written instrument, it would be said in nine cases out of ten that it was brought upon an account, and this although the claim or demand was neither a book account nor mutual accounts between the parties. In our opinion, it is not necessary in order that the claim or demand sued on should be an account within the meaning of said §§ 84 and 108 that it should be a book account or mutual accounts, or that it should be originally in writing. In our opinion, whenever any claim or demand for money arises out of contract, either express or implied, and is for something furnished or performed by one party for another, but is not founded upon a promissory note or other instrument in writing, and a statement of such claim or de-

mand is made out in detail and in writing by the claimant or demandant, and presented to the other party, such statement constitutes an account within the meaning of § 84 of the justices act and § 108 of the civil code. We think this proposition might perhaps be enlarged or varied in its terms so as to comprehend still other particulars, and still be correct. We have made the proposition, however, just broad enough to cover the present case; and while we have some doubts as to its correctness, yet we think it is correct. Of course the defendant below had the right, in both the justice's court and the district court, to introduce evidence to prove any set-off or counterclaim which it might have had; but no such question was raised in either of such courts, nor has any such question been raised in this court. We suppose that the defendant did not have any set-off or counterclaim to present in any court.

The judgment of the court below will be affirmed.

All the Justices concurring.