JOEL BAUGHMAN v. GEORGE D. HALE, *as Administrator of the Estate of Lydia Nichols, deceased.*

1. ACCOUNT—*Verified by Affidavit—Taken as True.* The correctness of an account filed before a justice of the peace, duly verified by the affidavit or affirmation of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the opposite party, his agent or attorney. (Justices' Act, § 84.)

2. JUSTICE'S COURT—*Appeal—Right to Prove Set-Off.* A defendant, in an action brought against him upon an account, duly verified before a justice of the peace, has the right in the justice's court, and also upon appeal in the district court, to introduce evidence to prove any set-off or counterclaim which he may have against the plaintiff, although he has not denied the correctness of the account sued on by affidavit.

3. APPEAL—*Amendment of Pleadings—Discretion of Court.* Where, in an action before a justice of the peace, both the plaintiff and the defendant file their bills of particulars or accounts, and the case is subsequently appealed to the district court, and a trial is commenced in that court before a jury, upon the original papers on which the case was tried·before the justice of the peace, amendments to the pleadings at that time by either party is largely in the discretion of the trial court. This court will not interfere, unless that discretion has been abused.

*Error from Shawnee District Court.*

THE case is stated in the opinion.

*James J. Hitt,* for plaintiff in error.

*Jetmore & Jetmore,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced on December 13, 1886, before a justice of the peace of Topeka, by Lydia Nichols, then in life, against Joel Baughman, on an account for rent, etc., the correctness of which was verified by her affidavit. At her request the justice of the peace ordered the defendant to file his bill of particulars, which was done. Mrs. Nichols, on leave of the court, filed an amended bill of particulars on an account, the correctness of which she also

verified by affidavit, wherein she claimed $204.70. These were the pleadings. The case was tried before the justice of the peace on January 4, 1887, and resulted in a judgment in favor of Mrs. Nichols. Baughman appealed to the district court. The case was tried in the district court with a jury on October 5, 1887, on the pleadings filed with the justice. When the case was called for trial in the district court, Mrs. Nichols offered her bill of particulars in evidence, rested her case, and asked for judgment. Baughman then asked permission to file his affidavit denying the correctness of the plaintiff's bill of particulars. The court refused, to which ruling he excepted. Baughman then asked permission to file an amended or additional bill of particulars. This was refused, and thereupon he withdrew his bill of particulars or set-off.

This proceeding was filed in this court on March 1st, 1888, and since that time Mrs. Nichols has died. The action has been revived in the name of George D. Hale, the administrator of her estate. Counsel for Baughman says:

"That the rulings of the district court deprived him of all hearing; that even admitting the truth of the account of Mrs. Nichols, would that prevent the account of the plaintiff in error also from being correct? They can both be true, which in part is true in this case. A portion of the accounts of each party is correct, due and owing by one party to the other, and it only awaits an adjudication and settlement of the disputed items of each side to settle the whole matter in dispute. But the action of the trial court in refusing the filing of the affidavit denying the validity of plaintiff's claim, and in refusing the introduction of any evidence in the case, was a denial of what justice courts are established to maintain, and was an error that this court ought to correct."

The petition in error contains the following specific allegations of error only:

"1. The court erred in refusing to permit plaintiff in error to file his affidavit denying the correctness of the claim of the defendant in error.

"2. In refusing to permit the plaintiff in error to file his amended and additional set-off, when requested.

" 3. In the exercise of its judicial discretion in the trial of said cause, whereby plaintiff in error was prevented from having a fair and impartial trial.

" 4. In overruling the motion for a new trial."

In *S. K. Rly. Co. v. Gould*, 44 Kas. 68, (24 Pac. Rep. 352,) this court decided that—

" Where a claim or demand for money arises out of contract either express or implied, and is for something furnished or performed by one party for another, but is not founded upon a promissory note or other instrument in writing, and a statement of such claim or demand is made out in detail and in writing by the claimant or demandant and presented to the other party, such statement constitutes an account within the meaning of § 84 of the justices' act, and § 108 of the civil code."

Under the provisions of said § 84 of the justices' act, the correctness of an account duly verified by the affidavit of a party, his agent, or attorney, is taken as true, unless the denial of the same be verified by the affidavit of the opposite party, his agent or attorney. The opinion in *Railway Co. v. Gould*, supra, further stated that a defendant had the right under said § 84, in both the justice's court and the district court, to introduce evidence to prove any set-off or counterclaim which he had, without any affidavit denying the correctness of a plaintiff's account; therefore, if Baughman simply desired to prove his bill of particulars or set-off, which he had filed, it was not necessary for him to file any affidavit denying the correctness of Mrs. Nichols's account. In this view, the court committed no error in refusing to permit him to file the affidavit which he requested. If Baughman desired to dispute the items in the bill of particulars of Mrs. Nichols, he ought not to have delayed his motion until after the jury had been impaneled and the plaintiff had submitted her case.

The statute provides that the case shall be tried *de novo* in the district court, upon the original papers on which the case was brought before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed. ( § 122 of the Justices' Act.) The

matter of amending the pleadings after a trial is commenced is largely within the discretion of the trial court, with which we cannot interfere, unless that discretion has been abused. (*Taylor v. Clendening*, 4 Kas. 525; *Robbins v. Sackett*, 23 id. 301; *Map Co. v. Jones*, 27 id. 177–180.)

If the bill of particulars of plaintiff below was not correct, Baughman must have known it before the trial. The trial before the justice of the peace was several months prior to the trial in the district court, and nothing is shown by the record of any surprise. The pleadings in the district court were the same as the pleadings before the justice of the peace. Under the circumstances, we cannot say there was any abuse of judicial discretion upon the part of the trial court in refusing to permit the verified affidavit to be filed after the commencement of the trial. There is no showing or statement contained in the record that Baughman had any further offset, and as he made no motion to amend his bill of particulars or set-off, until after the commencement of the trial, the refusal to amend, without any other showing, was not an abuse of discretion on the part of the trial court.

We are referred to the case of *Chinberg v. Mfg. Co.*, 38 Kas. 228, as decisive against the ruling of the trial court. In that case, Chinberg had paid, as he supposed, the note sued upon. Only a copy of the note was contained in the bill of particulars. He expected to prove payment, nothing else. He had in his possession the note, and, as he supposed, the original note, and therefore was surprised upon the trial when it was claimed that he had paid a forged note. Under such circumstances, we held that he should have been permitted to deny, under oath, the execution of the note sued on, so that the question, whether the note sued on was a forgery or the note paid was a forgery, could be submitted to the jury. In the Chinberg case, there was surprise at the claim of the manufacturing company that a copy or forged note had been paid, but not the original note. All this came up on the trial, and therefore the application to deny the execution of the note could not have been intelligently made at any prior time.

If a party through his own *laches* fails to make a motion to amend or correct his pleadings until after the trial of the case has actually commenced before a jury, he cannot complain if the court, in its discretion, refuses to permit the issues to be changed.

The judgment of the district court will be affirmed.

All the Justices concurring.