THE BOLEN COAL COMPANY v. THE WHITTAKER BRICK COMPANY.

52 747
162 739
52 747
66 645
52 747
67 420

1. ACTION— *One Cause Split—Judgment on Part—Bar.* Where a creditor splits up a running account which constitutes a single cause of action and recovers upon a part of the same, such adjudication constitutes a complete bar to a recovery on the remaining portion of the account.

2. DEFENSE, *Res Judicata.* In an action before a justice of the peace upon a verified account, no bill of particulars or verified denial was filed by the defendant. *Held,* That, while the correctness of the account was admitted by the defendant, it did not prevent him from setting up and establishing the defense of *res adjudicata.*

*Error from Wyandotte District Court.*

ACTION by the *Coal Co.* against the *Brick Co.* to recover on an account of goods sold and delivered. Judgment for defendant. Plaintiff comes to this court. The facts appear in the opinion herein, filed February 9, 1894.

*Cunningham & Dolan,* and *Anderson & Littick,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover the balance due upon an account for coal furnished by the Bolen Coal Company to the Whittaker Brick Company during the months of May and June, in 1889. It was brought originally before a justice of the peace, and from his judgment an appeal was taken to the district court, where the case was tried without a jury. The defense was that the subject-matter was necessarily involved in a former trial between the same parties, and that the adjudication and judgment in that case was a bar to the maintenance of the present one. No special findings of fact were made, and the general finding and judgment of the court sustained the defense of the brick company. Accepting the testimony in its most favorable light for the brick company, as we must, it appears to be sufficient to sustain this defense. It appears that the brick company agreed to purchase coal for its use from the coal company, at prices named by the latter. Afterward, the brick company obtained coal from time to time on seven different days during the months of May and June, which was entered up by the coal company in an account against the brick company. This account, embracing the several items, was presented to the brick company for payment, and the same not being paid, two actions were brought thereon before the same justice of the peace and upon the same day. One action was brought to recover the first two items of the account; and the remaining items were embraced in the other action. In the first action, a judgment was obtained against the brick company for $71.60, which was paid and satisfied. Subsequently the other action was tried upon the balance of the account, and the judgment in the former trial was claimed to be a bar to any further recovery. The coal was sold in accordance with an oral agreement, and a running account of the several lots delivered was kept by the coal company. The items of the account upon which the actions mentioned were based corresponded with the items and charges in the running account which was presented to

the brick company. The balance due upon this account constituted one, and only one, cause of action. (*Tootle v. Wells*, 39 Kas. 452.) It is the policy of the law to avoid a multiplicity of actions, and a party is not permitted to split a cause of action into two or more parts and maintain separate actions for each of the separate parts. A recovery of one part of an action so split up will constitute a complete bar to a recovery upon any remaining portion thereof. The principle of indivisibility applies to running accounts like the one under consideration, and if the plaintiff could split this account into two causes of action, it might bring as many actions as there were items in the account. The doctrine of *res adjudicata* forbids a repetition of vexatious lawsuits, and a former trial and judgment upon one of the items is conclusive between the same parties as to all matters which were or might have been litigated in all other actions, whether commenced before or after the action in which the adjudication was made. (*Whitaker v. Hawley*, 30 Kas. 317; *W. & W. Rld. Co. v. Beebe*, 39 id. 465; *Shepard v. Stockham*, 45 id. 244; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 id. 766.)

The remaining question arises upon a ruling of the court in the admission of testimony. The account upon which plaintiff's action was brought was verified, and the defendant filed no bill of particulars nor any verified denial of the plaintiff's account. The plaintiff objected to the introduction of any testimony in behalf of the defendant, claiming that, under § 84 of the justices' act, the defendant's indebtedness was admitted. That section provides that the correctness of an account, duly verified, shall be taken as true unless there be a verified denial of the same. The defendant did not dispute any item or charge in the account, and did not question the correctness of the same. Its claim was, that while the account was correct, the plaintiff by its conduct had forfeited any right to recover on the same. The defense of *res adjudicata* does not deny the correctness of the account any more than would the defense of the statute of limitations, which it is admitted could be made without a verified denial. In

each case, the conduct of the party precludes a recovery. It has been held that the omission of the defendant to deny the correctness of a verified account upon which action is brought before a justice of the peace will not prevent the defendant from introducing evidence to prove any set-off or counterclaim which he may have against the plaintiff. (*S. K. Rly. Co. v. Gould,* 44 Kas. 68; *Baughman v. Hale,* 45 id. 453.) The defendant was not required to file any bill of particulars before the justice of the peace, and no pleading having been required in the district court, defendant was entitled to offer any evidence and make any defense which it had, except to deny the correctness of the account. The admission of that fact did not preclude the defendant from showing that the former adjudication upon the account was a complete bar to any further recovery.

The judgment of the district court will be affirmed.

All the Justices concurring.