No. 20,663.

HUGH BLAIR, *Appellee*, v. O. H. McQUARY, jr., et al. (J. W. JUNKINS and ROBERT JUNKINS, Partners, etc., *Appellants*).

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Indorsement—Can Not be Varied by Oral Evidence.* It is no defense to an action against the payees and indorsers of a promissory note that the insertion of their names as payees was a mistake and that the name of the plaintiff was intended instead, and, after noticing the mistake, that they had indorsed the note to plaintiff on his oral assurance to them that they would not be personally liable on their indorsement.

2. PLEADINGS—*Allegations of Fraud—Liberally Construed.* Rule followed that an action or defense may be based upon proper allegations of fraud and consequent damage, and when tested by demurrer such allegations are to be liberally interpreted.

3. NOTE—*Conspiracy to Defraud—Inducement to Forego Right to Lien.* In an answer to an action on a promissory note, the defendant indorsers pleaded that they had furnished materials used in the property of their codefendant who was the maker of the note; that the plaintiff holder of the note and the defendant maker thereof conspired to induce indorsers to forego their right to a lien; that the plaintiff and their codefendant represented to the indorsers that the maker of the note was prosperous and financially responsible, and that plaintiff would give them the cash for the note in lieu of their claim and right to a lien; that relying thereon they waived their right to a lien and indorsed the note to plaintiff and he paid them the cash therefor; that the representations as to the financial responsibility of the maker were false. *Held,* that as against a demurrer the answer sufficiently pleaded a set-off based upon the alleged fraud practiced upon the indorsers by the plaintiff holder and defendant maker of the note, and sufficiently pleaded the consequent damage sustained by the indorsers by the sacrifice of their right to a lien.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed February 10, 1917. Reversed.

Opinion denying a rehearing, post p. 206, filed April 7, 1917.

*Edward T. Riling*, and *John J. Riling*, both of Lawrence, for the appellants.

*Ord Clingman*, of Lawrence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, Hugh Blair, owner and holder of an ordinary promissory note for $250, brought this action to recover thereon against O. H. McQuary, jr., the maker, and against J. W. Junkins & Son, the payees and indorsers. It was indorsed thus:

"Waiving presentment, protest and notice.

"J. W. JUNKINS & SON,

"J. W. JUNKINS."

The district court sustained a demurrer to the answer of Junkins & Son and gave judgment on the pleadings. Junkins & Son appeal. Their answer in substance alleged that they had furnished McQuary certain materials of the value of $280 used in the improvement of his property; that Blair and McQuary conspired to cheat them out of their claim and of their right to a materialman's lien; and, to effect that, Blair and McQuary represented to them that McQuary was prosperous in his business and financially responsible; that Blair would give them $250 for McQuary's note made payable to Blair for their claim against him, and that in reliance thereon they were induced to let the time lapse in which they might have filed their lien; that the note by mistake was made payable to Junkins & Son instead of to Blair as agreed upon, but that the latter had represented to them that they would not be liable personally if they indorsed it.

The latter part of the indorsers' defense is insufficient and the ruling of the district court thereon was correct. The indorsers knew of the mistake in the name of the payee before they indorsed the note. That indorsement and their transfer of the note to Blair and their acceptance of $250 from Blair therefor were an unqualified waiver and ratification of the

mistake. (*Tucker v. Allen,* 16 Kan. 312; 2 Cyc. 171.) It would disturb fundamental principles of the law of negotiable instruments to permit oral evidence to vary the terms of a written instrument and the written indorsement thereof. (*Doolittle v. Ferry,* 20 Kan. 230; *Stevens v. Inch,* 98 Kan. 306, 308, 158 Pac. 43.) Nor could Junkins & Son avoid their liability as indorsers by reason of the plaintiff's representations as to the legal effect of their indorsement. The law is not stayed nor swayed because the blind lead the blind into mistaken notions of it. *Ignorantia legis neminem excusat.*

But what about that phase of the answer which alleged the conspiracy between plaintiff and the maker of the note to induce Junkins & Son to forego their lien on McQuary's property?

On demurrer an answer is to be interpreted liberally, and however crude its recitals—the action having originated before a justice of the peace—the outstanding features of a cause of action or defense — fraud and consequent damage — were pleaded. The plaintiff and McQuary conspired to cheat Junkins & Son out of their right to a lien on McQuary's property. To that effect they invoked falsehood and deceit as to McQuary's financial responsibility. They accomplished their design. Instead of having a lien worth $280 or $250 in cash, if plaintiff prevails, Junkins & Son will have nothing to show for the materials furnished by them but a bill of court costs. This can not be the law. Actions for fraud and deceit in the procurement of credit for insolvent persons are common. (*Work Bros. & Co. v. McCoy,* 87 Iowa, 217, 224, 225; *Patten & Al. v. Gurney & Al.,* 17 Mass. 182; *Percival v. Harres,* 142 Pa. St. 369.) The ordinary rules and precedents touching the waiver of liens are not pertinent. Junkins & Son had no intention to waive their lien. They were offered $250 in cash in lieu of the lien. This was offered by plaintiff and McQuary. They accepted. Now plaintiff calls on them to return this $250, and to that end exhibits an instrument in writing so precise and legally unimpeachable in its terms that the courts must respect and enforce it. But the law of set-offs is just as potent, and the fraud and consequent damage suffered by Junkins & Son through the conspiracy of plaintiff and their codefendant, McQuary, is a proper set-off to be taken into account against

plaintiff's demand "so far as they equal each other." (Civ. Code, § 102.)

The judgment is reversed and the cause remanded with instructions to permit issues to be joined on the allegations of fraud and consequent damage pleaded as a set-off to plaintiff's cause of action, and for further proceedings consistent therewith.

---

OPINION MODIFYING SYLLABUS AND DENYING
A REHEARING.

Filed April 7, 1917.

The petition for a rehearing has been carefully considered. Our view as to the merits of the set-off pleaded by Junkins & Son is not shaken thereby and it needs no further discussion.

It is now suggested for the first time that the answer of Junkins & Son was not verified under section 110 of the civil code. To this there are two answers, either of which is sufficient. The action originated in the court of a justice of the peace where no written pleadings of any sort were necessary. (*German v. Ritchie*, 9 Kan. 106; *Wagstaff v. Challiss*, 29 Kan. 505; *Baughman v. Hale*, 45 Kan. 453, syl. ¶ 2, 25 Pac. 856; *Coal Co. v. Brick Co.*, 52 Kan. 747, 35 Pac. 810. See, also, *Hart v. Haynes*, 96 Kan. 262, 264, 150 Pac. 530.)

The other equally obvious answer to this contention is that it is too late to raise the question for the first time on a petition for a rehearing in the appellate court when it was not disclosed by the arguments nor in the brief when the case was presented, and when the record does not show that it was raised in the justice court or in the district court. If this question had been raised in either of the lower courts, it would have been the duty of the court, in furtherance of justice, (*Stanley v. Farmers' Bank*, 17 Kan. 592) to permit the pleading to be verified at the time. (*Emery v. Bennett*, 97 Kan. 490, 492, 155 Pac. 1075.)

One criticism of our decision is meritorious. Section 3 of the syllabus recited the facts pleaded as if they were the facts proved. This section is modified to show that they are only assumed to be true for the purpose of testing the propriety of the demurrer.

DAWSON, J. (concurring specially) : The provisions of the civil code require that a demurrer shall specify distinctly the grounds of objection to a pleading. It seems impossible for some lawyers and some courts to treat these provisions in good faith—a lingering tendency of the time when a lawsuit was merely a game of skill and gave little concern to the paramount consideration of administering justice. A blind objection to a pleading that the facts recited therein do not constitute a cause of action or defense does not apprise the guileless and unskillful that the only thing wrong with their pleading is the want of a verification. The demurrer should specifically point out the defect, so that it may be supplied if the defense is *bona fide* and so that the case may be summarily concluded if it is not. The penalties for perjury will be likely to restrain the positive verification of a pleading which recites a mere tissue of falsehoods. This was the purpose of the revised code, section 110, and it was never designed as a mere trap to catch the unwary.