Rominger v. Estate of Roy Parrish.

---

No. 25,368.

J. ROMINGER, *Appellee,* v. THE ESTATE OF ROY PARRISH, *Appellant.*

SYLLABUS BY THE COURT.

1. CLAIM AGAINST ESTATE—*Statutory Notice of Presentation of Claim—Waiver.* Record examined, and held insufficient to determine whether the failure of administrators of an estate to mail copies of notice of claim to each of the local resident heirs was waived by voluntary appearance of the heirs personally or by counsel.

2. SAME—*Statute of Limitations.* Record examined, and *held,* that plaintiff's claim was not barred by any provision of the statute of limitations.

3. SAME—*Proof of Partnership.* Record examined, and *held,* that there was some substantial evidence to prove an alleged partnership; and *held,* also, that the existence of a partnership was not an indispensable prerequisite to the validity of plaintiff's claim.

4. SAME—*Inconsistency in Trial Court's Rulings on Verdict of Jury.* An inconsistency in the trial court's approval of part of a jury's verdict, and its specific ground for disapproving another part of the same verdict, examined, and held to require a reversal of the judgment.

5. SAME—*Appeal to District Court from Inferior Tribunal—Amendment to Pleadings.* Where a cause is appealed to the district court from an inferior tribunal, and is tried without formal pleadings, leniency of amendment should be tolerated to prevent miscarriage of justice.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed July 5, 1924. Reversed.

*Frank A. Lutz,* and *Amzie E. Jordan,* both of Beloit, for the appellant.
*R. L. Hamilton,* and *Ira N. Tice,* both of Beloit, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from part of a judgment allowing a claim against the estate of the late Roy Parrish, of Mitchell county. There is also a cross appeal from another part of the same judgment, in which another claim of plaintiff was disallowed.

It appears that in his lifetime Roy Parrish was a buyer and seller of horses and mules. He had two barns in Beloit. He was associated in business with one Jake McCardle. McCardle hired the plaintiff on April 1, 1916, and pursuant thereto he worked at one or the other of Roy Parrish's barns until August 1, 1918. For such partial payments of wages as plaintiff received, he was usually paid by Parrish. In June, 1919, plaintiff was again employed by McCardle and worked as he had previously done, and he was partly paid for his services by Parrish. Plaintiff's second term of employment ended on April 1, 1920.

Roy Parrish died on December 16, 1920, and on January 6, 1921, J. J. Kindscher and Glen A. Parrish were appointed administrators of his estate.

On the assumption that the business relationship of Parrish and McCardle had been a partnership, the plaintiff on January 24, 1921, filed in the probate court a demand, viz.:

DEMAND AGAINST ESTATE.

"Said estate to J. Rominger, Dr.

"Claimant commenced to work for the partnership of Parrish and Mc-Cardle, of which deceased was a partner, on April 1, 1916, as a laborer, and worked continuously until August 1, 1918, which work was of the reasonable value of $50 per month, there being no specific agreement as to wages. Said Roy Parrish paid to this claimant during said period divers sums of money, but claimant is unable to give the dates or amounts of said payments. Said payments amounted to not more than an average of $25 per month, and there is due claimant from the estate of Roy Parrish thereon the sum of $700, with interest at 6 per cent per annum from August 1, 1918.

"On or about June 20, 1919, said partnership of Parrish and McCardle again employed claimant to work for them as a laborer and agreed to pay claimant the sum of .60 per hour. Between June 20, 1919, and April 1, 1920, claimant worked for said firm, of which said Roy Parrish, deceased, was a partner, for 265 days of ten hours each, and he therefore earned under said contract the sum of $1,590, of which he was paid the sum of $25, but said sum was paid in small amounts and at divers times, and claimant is unable to set out an itemized account and statement of said payments. Said agreement to pay was made orally, and said work was of the reasonable value of $1,590; by reason

of which said estate of Roy Parrish is indebted to claimant in the sum of $1,565, with interest from April 1, 1920, at 6 per cent per annum."

[A third item for $35 was eliminated.]

"By reason of the premises, said estate of said Roy Parrish, deceased, is indebted to claimant in the sum of $2,439.90 with interest at 6 per cent from January 21, 1921.

"State of Kansas, Mitchell County, ss:

"I do solemnly swear that I am J. Rominger, the above-named claimant, and have had the means of knowing personally the facts set forth, and that I have given credit to said estate for all payments and offsets to which it is entitled, and that the balance of $2,439.90 dollars claimed is justly due said claimant to the best of my knowledge and belief. So help me God.

"Signed: J. ROMINGER.

"Subscribed and sworn to before me this 24th day of January, 1921.

"W. H. CREITZ, Probate Judge."

On February 27, 1923, at the request of plaintiff, a hearing was had on this claim. The administrators and their counsel appeared; a trial was had and the claim was rejected. The claimant appealed to the district court, where the cause was tried without pleadings before a jury, which returned a verdict for claimant in the sum of $750, and answered certain special questions:

"1. Did the claimant or his attorney, J. E. Tice, serve a written copy of his claim against the estate of Roy Parrish, deceased, on J. J. Kindscher, one of the administrators of said estate? A. Yes.

"2. If you answer question No. 1 in the affirmative, then when was such copy of his claim so served? A. January 24, 1921.

"Q. 3. If you find for claimant, how much, if anything, do you allow him on his claim for $700.00? A. $350.

"Q. 4. If you find for claimant, how much if anything, do you allow him on his claim for $1,565.00? A. $400.00."

A motion in behalf of the defendant estate was filed, praying that the general and special verdicts be set aside. It was granted in part:

"And the court, after listening to the argument on said motion, doth sustain the same and does set aside said general verdict to the extent of $400, for the reason that the court finds that no partnership was proven, and doth reduce the same to the sum of $350."

The journal entry reads further:

"And thereupon the plaintiff claimant asked to amend the second cause or paragraph of his claim by inserting after the word 'Parrish and McCardle' the words 'or Roy Parrish individually.' . . . Defendant . . . objected, . . . the court being advised . . . doth overrule said request and refused to grant the same. . . . Plaintiff . . . excepted."

Judgment for $350 was entered in plaintiff's behalf.

The administrators appeal, complaining of the judgment against the estate for $350, and the claimant cross appeals because he was deprived of the item of $400 allowed him by the jury and included in the general verdict.

The first point urged by counsel for the estate is that the administrators failed to mail a copy of the notice of plaintiff's claim against the estate to each of the heirs and legatees who were residents of the county or their resident guardians.

The statute reads:

"Such notice shall be served on the executor or administrator ten days before the presentation of the account to the court, and may be served by the party, his agent or attorney, or by any competent witness, who shall make affidavit to such service, and the administrator shall thereupon mail a copy of such notice to each of the heirs or legatees, or their guardian, if any, resident in the county in which the claim is presented, and shall make his affidavit showing such notice to have been so mailed, and the same must be mailed within two days after the notice is served upon the administrator." (R. S. 22-713.)

It has been held that this notice is jurisdictional, and the want of it in one case rendered futile all that followed. (*Gift v. Lennen,* 113 Kan. 467, 218 Pac. 996.) The duty to mail such copies of notice to each of the resident heirs is imposed by statute on the administrator. Appellee argues that the statute does not contemplate "the defeat of a claim by an administrator failing to do his duty relative to a notice under the statute." Whether such consequence would always and inevitably follow or not, the claimant is not altogether helpless to correct such dereliction of the administrator. He may compel him to perform; he may apply to have him removed for nonperformance, and he may sue him for damages if he loses his otherwise valid claim against the estate because of such delinquency on the part of the administrator. One obvious purpose of giving the heirs a copy of the notice is to inform them of the claim. Commonly, they or some of them may know and can apprise the administrator of defenses thereto, and another wholesome purpose is to give the heirs a timely opportunity to intervene and contest unjust claims that the administrator may be disposed to concede or overlook. (*Sarbach v. Deposit Co.,* 99 Kan. 29, 160 Pac. 990.) However, the resident heirs may waive such mailing of copies to them, and possibly they did waive it in this case by appearing in person or by counsel to resist the claim, just as service of summons in any action is waived by a voluntary entry of appearance. Surely

counsel for the estate are not exclusively representing the administrators—pleading the delinquency of their own clients as a valid defense to plaintiff's claim? For reasons hereafter to be set down, this cause will have to be remanded, and we shall not foreclose this particular question now, but leave it for the trial court to determine, upon all the facts, if the litigants are disposed to contest the point to a conclusion.

Counsel for the estate next raise the statute of limitations. Plaintiff's claims were in the nature of a running account. He had three years from the time he last received a payment on account to sue Parrish or Parrish & McCardle for his pay, if Parrish had not died. (*Clark v. Eaton,* 109 Kan. 574, 201 Pac. 71.) Less than two years elapsed after he was last paid something on account by Parrish when the latter died. When administrators were appointed plaintiff promptly filed and served his claim. No provision of the statute of limitations barring plaintiff's claim can be discerned. (*Clifton v. Meuser,* 79 Kan. 655, 100 Pac. 645.)

Appellant also urges that there was no evidence of partnership. We think there was, but the fact was not essential to plaintiff's recovery. His claim did not necessarily stand or fall on that point. No liability was sought to be fastened on Parrish's estate on the mere technical ground that Parrish had been a partner of McCardle and therefore that he and his estate were liable as such. There was, it seems, a business relationship between Parrish and McCardle which the claimant conceived or misconceived to be a partnership. Parrish and McCardle were engaged in what appeared to be a common business. One of these men hired the plaintiff, and the other usually paid him, so far as he had been paid. Whether their business relationship met all the tests of a partnership—mutual contributions to the venture and mutual sharing of profits and losses—is not very material in this case. (30 Cyc. 390.) It seems to have been enough of a partnership to satisfy the court that the Parrish estate was liable to the claimant for $350, but not enough of a partnership to subject the estate to the further sum of $400. It needs no disquisition to show that this result is inconsistent. If the plaintiff's claim turned absolutely on the existence or nonexistence of the partnership and on no other point, then the claimant was entitled to both items or to neither. The cause was tried without pleadings other than plaintiff's claim as originally filed in the probate court. It will therefore make for justice to consider the claim

Barton *et al.* v. Arkansas River Gas Co.

as informally amended so that it can be regarded as a claim against Roy Parrish's estate, whether such claim was for services rendered to Parrish individually or to the supposed partnership of Parrish & McCardle. (*Blair v. McQuary*, 100 Kan. 203, 206, 162 Pac. 1173; 164 Pac. 262.)

The judgment is reversed and the cause remanded for further proceedings. The costs in this court will be divided.

HARVEY, J., dissents from paragraph 1 of the syllabus and corresponding portion of the opinion.