Case No. 26,044 is affirmed, allowing Nina Viva Lord compensation for services rendered during the World War, as a student nurse.

Case No. 26,027 is affirmed, allowing H. E. Branine Whitmore compensation for services rendered as a dietitian.

Cases No. 25,783 and No. 25,831 are affirmed, denying compensation to either Reed T. Schrontz or Presley B. Hill, on the grounds that neither was a resident of Kansas at time of his enlistment.

### No. 26,044.

### NINA VIVA LORD, *Appellee,* v. KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed December 6, 1924. Affirmed.

*Charles B. Griffith,* attorney-general, *H. F. Brown,* county attorney, *F. B. Hettinger,* deputy county attorney, *Ralph W. Oman,* of Topeka, and *Donald. W. Stuart,* of Independence, attorneys for the appellant.

*Stuart Simmons,* of Hutchinson, for the appellee.

### No. 26,027.

### HAZEL E. BRANINE WHITMORE, *Appellee,* v. KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed December 6, 1924. Affirmed.

*Charles B. Griffith,* attorney-general, *H. F. Brown,* county attorney, and *Donald W. Stewart,* of Independence, for the appellant.

*C. E. Branine,* and *H. R. Branine,* both of Hutchinson, for the appellee.

### No. 25,783.

### REED T. SCHRONTZ, *Appellant,* v. KANSAS SOLDIERS' COMPENSATION BOARD, *Appellee.*

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed December 6, 1924. Affirmed.

*Floyd W. Hobbs,* of Holton, for the appellant.

*Charles B. Griffith,* attorney-general, *H. R. Fulton,* county attorney, *Ralph W. Oman,* of Topeka, and *Donald W. Stewart, of* Independence, for the appellee.

No. 25,831.

PRESLEY B. HILL, *Appellant,* v. KANSAS SOLDIERS' COMPENSATION
BOARD, *Appellee.*

Appeal from Barton district court; LE ROY E. QUINLON, judge. Opinion
filed December 6, 1924. Affirmed.

*William Osmond, Elrick C. Cole,* and *T. B. Kelley,* all of Great Bend, for
the appellant.

*Charles B. Griffith,* attorney-general, *W. J. Webber,* county attorney, *Donald
W. Stewart,* of Independence, and *Ralph W. Oman,* of Topeka, for the appellee

MEMORANDUM DECISIONS.

The opinion of the court was delivered by

MARSHALL, J.: In case No. 26,044, the Kansas Compensation
Board appeals from a judgment allowing compensation to Nina Viva
Lord for services rendered by her as a student nurse at Fort Riley
during the World War. She was in that service from October 15,
1918, to March 23, 1919, and was relieved from duty by order from
the surgeon-general dated April 14, 1919.

The board contends that she did not render any service in the
army, navy, or marine corps. With that contention the court does
not agree. This case is controlled by *The State, ex rel., v. Davis,*
114 Kan. 270, 217 Pac. 905, where this court said that "members of
officers' training camps conducted after the declaration of war, who
afterwards became veterans of the World War, are entitled to com-
pensation during the time they served in such training camps."

We quote from the brief of this appellee as follows:

"The condition of this appellee [Nina Viva Lord] was almost exactly the
same as the condition of student officers in these training camps. She volun-
teered her services as a student nurse with the hope and expectation that at
the end of her student service she would be given a commission in the army
nurse corps. . . . When she entered the military service she surrendered
her right of choice as to hours of work and living conditions and placed herself
under the absolute regulations of the army. Her conduct was subject to re-
striction and she suffered at the hands of a military tribunal should she com-
mit an infraction against the regulations imposed upon her. From the moment
she entered her post of duty until she was given a certificate in lieu of dis-
charge there was not a single moment of her life that was not under the ab-
solute and direct control of the United States government. . . .

"Ship builders, carpenters at cantonments and clerks in the various depart-
ments . . . were at all times living under civil conditions. Except while at
work they were free to come and go as they pleased; their mode and manner
of dress was not prescribed; they chose their living quarters and provided their

Lord v. Soldiers' Compensation Board.

own table. There was nothing in their relation with the government except the common, every-day relation of employer and employee. They could resign from their position at any instant they desired. If they committed any crime, it was a crime under the civil laws and they were subject to trial by civil courts.

". . . She [Nina Viva Lord] was a soldier, and her entire life was subject to military regulation and discipline. If news had reached the cantonment at Funston that a bombing war was eminent, every carpenter, every plumber and every laborer was at liberty to quit his position and take up work elsewhere, but this appellee could no more have left her post of duty at the hospital at Riley under those conditions . . . . [than any soldier] could have gone to his commanding officer and said, 'I do not like the shell and shrapnel. I am going home. Here is my helmet and gas mask. Good-by.'"

The judgment is affirmed.

---

In case No. 26,027, the Kansas Compensation Board appeals from a judgment declaring that Hazel E. Brainine Whitmore is entitled to compensation for services rendered by her as a dietitian at Camp Beauregard, La. This case is very similar to the one just decided, but differs in this, that the evidence shows that Hazel E. Branine Whitmore did render service in the army as a dietitian in a military hospital at Camp Beauregard, La.

It follows that the judgment is affirmed.

---

In case No. 25,783, Reed T. Schrontz appeals from a judgment of the district court denying to him compensation under the Kansas soldiers' compensation law. The question turned on his residence at the time of his induction into the army. There was evidence which tended to prove that at that time he was a resident of Missouri, and there was evidence which tended to prove that he was then a resident of Kansas. The trial court on conflicting evidence determined that Reed T. Schrontz was not a resident of Kansas at the time he entered the military service of the United States for the World War. Under repeated declarations of this court, that conclusion cannot be disturbed.

The judgment is affirmed.

---

In case No. 25,831, Presley B. Hill appeals from a judgment of the district court denying to him compensation under the Kansas soldiers' compensation law. His right to compensation turned on the question of his residence at the time of his enlistment in the United States army at Hutchinson, Kan. There was evidence

which tended to show that at the time of his enlistment he was a resident of Michigan, and there was evidence which tended to show that he was then a resident of Kansas. On that evidence the court found that Presley B. Hill was not a resident of Kansas at the time he entered the United States army for service in the World War.

The judgment is affirmed.

HARVEY, J. (dissenting in Nos. 26,044 and 26,027): In the maintenance of the army the government has need for many civilian employees—stenographers, teamsters, and employees for many purposes—who have no military status. The work of some of these employees was with the army or in army camps; that of others was far removed therefrom. The adjutant general of the army advised the compensation board:

"Laboratory technicians, dietitians and student nurses were female civilian employees in the medical department, who were hired to assist in the care of sick officers and soldiers. They had no military status."

The claimants in these cases were student nurses, hence they were civilian employees. Neither of them was in any branch of the army; neither of them has a discharge of any kind from the army. Our statute does not provide for the payment of compensation to persons who never were a part of the army, navy or marine corps, and who have no discharge therefrom.