No. 26,286.

DEE LES CAULT, *Appellant,* v. THE KANSAS SOLDIERS' COMPENSA-
TION BOARD, *Appellee.*

SYLLABUS BY THE COURT.

1. SOLDIERS' COMPENSATION—*Trial—Findings by Court—Sufficiency.* In an appeal from the compensation board to the district court, the sole question involved was whether the applicant for compensation was a resident of this state when he enlisted. At the commencement of the hearing the applicant filed a motion for the court to make specific findings of fact attached to the motion. The proffered findings were not statements of those facts which determine residence, but consisted of recitals in minute detail of all the evidence which the applicant expected to produce. *Held,* the motion was properly denied, and an assignment of error in this court that the district court refused to make findings of fact, is not well founded.

2. SAME—*Evidence—Sufficiency.* The proceedings considered, and *held,* the decision of the district court was sustained by sufficient evidence.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed May 9, 1925. Affirmed.

*E. C. Wilcox, Myrtle Youngberg, J. Howard Wilcox,* all of Anthony, and *Hill & Kirkendall,* of Cherokee, Okla., for the appellant.

*R. H. Beebe,* of Anthony, *Charles B. Griffith,* attorney-general, and *Donald W. Stewart,* of Independence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from an order of the district court disallowing compensation to a veteran of the world war. The compensation board denied compensation on the ground the applicant was not a resident of this state at the time he enlisted, and he appealed to the district court. At the commencement of the hearing in the district court, the applicant presented a motion for specific

findings of fact and conclusions of law, stated by the applicant, and attached to the motion. Thereupon the court denied the motion, and no other motion for findings of fact was presented. Following the hearing, the court made the following statement of its findings and of its conclusion of law:

"The court finds the issues herein in favor of the appellee and against the appellant, and finds that the said appellant was not a resident of the state of Kansas at the time of his enlistment in the army, and is not entitled to any benefits under the statutes of this state relating to compensation for veterans of the World War."

It is assigned as error that the court refused to make findings of fact.

The court did not refuse to make findings of fact. The court declined to allow a motion that it make specific findings formulated by the applicant and tendered for signature on the dotted line. The proffered findings were not statements of those facts which determine residence, but consisted of recitals in minute detail of all the evidence which the applicant expected to produce at the hearing. Therefore the motion was properly denied. Prompt denial of the motion advised counsel for the applicant that, whatever the evidence might be, the court did not intend to adopt the findings appended to the motion. Counsel made no other request for findings, and the assignment of error is not well founded.

One of the grounds of the motion for new trial was that the decision was not supported by the evidence. The applicant registered for the draft at Anthony, Kan., where he was operating a tailoring and cleaning and pressing business, with equipment purchased by his father, who resided at Cherokee, Okla. At the time he registered the applicant sold the property pertaining to the business and went to Cherokee, Okla. Leaving his trunk and belongings at his father's house, he then went to Oklahoma City to enlist. Not being able to enlist there, he went to Fort Sam Houston, Tex., where he did enlist. When he enlisted he gave Cherokee, Okla., as his residence, and when he was discharged he received travel pay to Cherokee, Okla. Shortly after returning from the army to Cherokee, Okla., he went into business there with his father. As a witness in his own behalf, he gave testimony to the effect that when he went to Anthony he intended to abide there permanently, and that when he left Anthony he intended to return and abide there permanently. He also gave an explanation for assigning Cherokee, Okla., as his

residence when he enlisted. The credence to be given his testimony was a matter for the trial court, and this court is unable to say that the decision was not sustained by the evidence. .

The judgment of the district court is affirmed.