No. 26,378.

ARCH GRUBL BEAMER, *Appellant*, v. KANSAS SOLDIERS' COMPENSATION BOARD, *Appellee*.

#### SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Residence—Sufficiency of Evidence*. Record examined and held to contain sufficient evidence to support the trial court's findings and judgment that the appellant was a permanent resident of Tulsa, Okla., and not a resident of Kansas at the time he enlisted and served in the United States navy in the world war, and not entitled to compensation for such service under the Kansas statute.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed October 10, 1925. Affirmed.

*Thomas A. Fairchild* and *H. R. Fulton*, both of Holton, for the appellant.

*Charles B. Griffith*, attorney-general, *C. A. Burnett*, assistant attorney-general, and *Floyd W. Hobbs*, county attorney, for the appellee.

The opinion of the court was delivered by·

DAWSON, J.: Arch Grubl Beamer enlisted in the United States navy on June 8, 1917. He was called into active service on August 19, 1917, and discharged on December 19, 1918. His claim for compensation was rejected on the ground that he was not a resident of Kansas when he enlisted and served in the world war.

On appeal to the district court from the order of the compensation board rejecting his claim for compensation, evidence on claimant's behalf was heard at length, together with certain relevant facts which tended to uphold the determination of the board. The trial court made findings of fact and entered judgment against appellant pursuant to a conclusion of law which it deduced from the evidence and findings, viz.:

"That on June 8, 1917, the appellant, Arch G. Beamer, was a permanent resident of Tulsa, Okla., and not a resident of Kansas, within the meaning of chapter 201, Laws of 1923, . . . and that he is not entitled to compensation under said statute."

Beamer brings the case here for review, assigning various errors which center about one main proposition: Was there any evidence to justify the trial court's finding, conclusion and judgment that he was not a resident of Kansas at the time he entered the navy?

With this question in mind this court has carefully read the record, and the most that it can say in appellant's behalf is that if the trial court had been disposed to give very generous credence to appellant's testimony and to overlook certain discrepancies between his testimony and his representations to the naval authorities at the time he enlisted, it might have been possible to have reached a conclusion that he was a citizen of Kansas. But there was no want of evidence to justify a finding that not long before his enlistment appellant had taken up an abode in Tulsa, Okla., and that he gave that place as his residence, and that when he was discharged from the navy and had made a short visit with relatives in Kansas he returned to Tulsa, married and settled down in that place, all in accordance with his statement given to the naval authorities at the time he entered the service.

It is needless to reproduce the testimony, and it should be needless to explain to his experienced counsel that it is altogether beside the mark to present such an argument to this court as that which appears in appellant's brief, viz.:

"The appellant . . . cannot believe . . . that this court will deprive him of the bonus. . . ."

Of course this court will not *deprive* him of the bonus. It merely reviews the record to determine whether the compensation board or the trial court committed any error in disposing of appellant's claim for compensation. Here the trial court upon sufficient evidence found that appellant was not a resident of Kansas at the time he entered the navy. That finding cannot be disturbed under settled principles of appellate procedure, too well understood to require discussion. See *In re Soldiers' Compensation Appeals, Doniphan's Case,* 116 Kan. 601, 603, 227 Pac. 1117; id., 116 Kan. 677, 229 Pac. 355; *Baldwin v. Soldiers' Compensation Board,* 117 Kan. 129, 229 Pac. 82; *Lord v. Kansas Soldiers' Compensation Board, Schrontz's Case,* 117 Kan. 345, 230 Pac. 1033; *Lord v. Kansas Soldiers' Compensation Board, Hill's Case,* 117 Kan. 345, 230 Pac. 1033; *Cault v. Soldiers' Compensation Board,* 118 Kan. 589, 235 Pac. 850.

The judgment is affirmed.