No. 27,285.

Mrs. Sarah F. Allen, *Appellant,* v. The Kansas Soldiers' Compensation Board, *Appellee.*

SYLLABUS BY THE COURT.

1. Soldiers' Compensation—*Necessity of Filing Answer on Appeal.* In an appeal to the district court from a ruling of the soldiers' compensation board denying a widow's claim for compensation for the death of her soldier husband, the appellant was not entitled to judgment by default because the defendant board did not file a pleading raising some issue of law or fact against the recitals of her appeal.

2. Same—*Residence—Evidence.* The evidence examined and held not to sustain plaintiff's claim that her husband was a resident of Kansas at the time he enlisted in the army, and that the trial court's findings to the contrary are supported by substantial evidence.

Appeal from Decatur district court; Willard Simmons, judge. Opinion filed April 9, 1927. Affirmed.

*J. P. Noble,* of Oberlin, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *V. D. Woodward,* county attorney, for the appellee.

The opinion of the court was delivered by

Dawson, J.: The plaintiff, Sarah F. Allen, brought this action to overturn a ruling of the soldiers' compensation board which denied her claim for compensation on account of the death of her soldier husband, James Wayne Groves, who died in the Philippine Islands in the service of the United States during the world war.

The rejection of plaintiff's claim was placed on the ground that her husband was not a resident of Kansas at the time he enlisted in the army.

The trial court made findings of fact sustaining the ruling of the defendant board and gave judgment accordingly. Plaintiff appeals, contending that she was entitled to judgment by default and that the findings and judgment of the trial court were contrary to the evidence.

1. Touching the first of these points, it appears that defendant filed no pleading in the district court raising any issue of law or fact on the matters set forth in plaintiff's notice of appeal, and this situation, according to plaintiff's point of view, entitled her to judgment by default.

Bounties, 9 C. J. p. 311 n. 43 new. Justices of the Peace, 35 C. J. p. 833 n. 74.

This contention is not good. The statute prescribes its own procedure. (R. S. 73-125 *et seq.*) It does not require the formation of issues by petition and answer or other plea, and it does provide that "except as herein otherwise provided the action shall proceed and be tried in the same manner as appeals from the justice courts." In appeals from justice courts, pleadings are not indispensable, and their need or requirement is left to the discretion of the trial court. (R. S. 61-1003; *Blair v. McQuary,* 100 Kan. 206, 162 Pac. 1173, 164 Pac. 262; *Smith v. Jukes,* 112 Kan. 567, 570, 211 Pac. 1110; *Rominger v. Estate of Roy Parrish,* 116 Kan. 540, 227 Pac. 544.) Plaintiff was never in doubt as to the nature of the defense to her appeal because of the want of a pleading filed by the defendant, so she was not prejudiced thereby.

2. Touching the merits of plaintiff's appeal, the evidence to support her claim that her husband was a resident of Oberlin, Kan., at the time he entered the army was not persuasive and the trial court was not bound to yield its unbiased credence thereto, especially when the soldier enlisted in Arkansas City, avowing himself to be a single man and giving his post-office address as Blackwell, Okla., at which place he had been employed as a smelter for some time prior to his enlistment. He furnished the government with his emergency address as that of his parents in Winterset, Iowa, to which place his body was shipped from the Philippine Islands. The government gave the state of Oklahoma credit for the soldier's service during the world war.

That there was some evidence tending to show that the deceased never did establish a home elsewhere than in Kansas does not help plaintiff's case. There was substantial evidence inherent in the circumstances that he did intend to abandon Kansas as a place of residence, and his acts did accord with that intention (*Ford, Adm'x, v. Peck,* 116 Kan. 74, 225 Pac. 1054), so that not only did plaintiff fail to prove satisfactorily that her husband was a resident of Kansas at the time he entered the service, as she had to do in order to prevail, but the defendant board rather convincingly showed the contrary, which was more than it was required to do in order to prevail.

The court has been over this feature of compensation appeals so often that we are hardly justified in occupying book space to discuss the matter again. See *Beamer v. Compensation Board,* 119 Kan. 476 and cases cited therein, 239 Pac. 764.

The judgment is affirmed.