DELL KEIZER V. THE REMINGTON PAPER COMPANY.

No. 13,961. (80 Pac. 570.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Error Waived.* Where a defendant was entitled to a judgment on the pleadings only because of the failure of the plaintiff to reply to new matter contained in the answer, and the court heard the case upon the theory that all issues had been joined, a judgment for the plaintiff will not be reversed on account of the denial of a motion filed by the defendant for a judgment on the pleadings which made no reference to such omission, when the record affirmatively shows that the attention of the court was not called to the fact that no reply had been filed.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed April 8, 1905. Affirmed.

*R. B. Welch, Charles D. Welch,* and *W. R. Hazen,* for plaintiff in error.

*A. B. Quinton,* and *E. S. Quinton,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: The facts of this case are similar to those of *Hudson v. Remington,* immediately preceding. So far as the questions involved are the same

20—71 KAN.

nothing need be said but that the conclusions there announced will be applied here. One additional question is now presented, however, growing out of the condition of the pleadings. The answer included a plea of the statute of limitations, which was good upon its face. The plaintiff filed a supplemental petition, the allegations of which are not here important. The defendant then filed an amendatory and supplemental answer, in which he alleged that the defendant was a foreign corporation doing business in Kansas and that it had not complied with the statute (Gen. Stat. 1901, §1283) imposing certain duties upon such corporations as a condition to maintaining actions in the courts of this state. These allegations, if accepted as true, constituted a good defense, unless their effect was avoided by the fact that the indebtedness sued upon originated prior to the passage of the statute invoked, a question which need not be here determined. No reply was filed. The defendant filed a motion for judgment upon the pleadings, which was denied. Upon the trial he made an objection to the introduction of any evidence by the plaintiff, which was also overruled. In the course of the trial, however, admissions were made which eliminated the question regarding the statute of limitations. The court made findings of fact, which included a statement that the evidence did not show whether or not the plaintiff had been doing business in the state. Judgment was rendered for the plaintiff, and the defendant in prosecuting error complains of the ruling denying him judgment upon the pleadings and of that overruling his objection to the introduction of any evidence.

As the pleadings stood, it is obvious that the defendant was entitled to judgment by reason of his allegation that the statute of limitations had run and also by reason of that relating to the failure of plaintiff to comply with the statute regarding foreign corporations doing business in the state. Either of these

allegations, there being no denial, was sufficient to require a judgment for the defendant; but in the case-made the record of the rulings upon the motion for judgment upon the pleadings is preceded by a recital that the attention of the court was not called to the fact that no reply had been filed, and that the court heard the cause upon the theory that all issues had been joined.  It is a familiar rule that "where a case has been tried, without objection, as though the pleadings raised a certain issue, the objection that the issue was not raised by the pleadings cannot be made for the first time in the appellate court."  (2 Cyc. 672.) Plaintiff in error does not question the soundness of this rule, but denies its application.  He argues that although the trial court assumed that a reply had been filed the defendant did not, but by his motion for a judgment on the pleadings presented the very objection which he now urges.  To be available in a reviewing court, however, an objection must be specific.

"Specification of the particular grounds or reasons upon which a party asks the court to make a ruling in his favor is necessary, as indicated in the preceding paragraph, to prevent a violation of the settled rule that parties must abide by the theories assumed in the trial court, and also to prevent a violation of the subsidiary doctrine that a party cannot urge one point in the trial court and another on appeal.  It is also necessary to prevent a violation of the wider doctrine than either of those stated, that is, the fundamental doctrine that appellate jurisdiction is one of review. But there is still another reason why the grounds of objection should be specifically stated, and that is this: Common-fairness to the adverse party requires specification, inasmuch as it is but just that he should be informed of the real nature and full force of the objections which he is required to meet and given an opportunity to obviate them."  (Ell. App. Proc. § 770.)

The claim of the defendant that he was entitled to a judgment because his supplemental answer contained averments which, if true, showed that plain-

tiff could not maintain its action, and that these averments had not been denied, was special in its nature. It was incumbent on him, in order to take advantage of it, to present it in a manner so specific as fairly and reasonably to challenge the attention of the trial court. He in fact fell far short of this. His motion for judgment was in these words: "Comes now the defendant and moves the court for judgment for costs on ·the pleadings." No ground whatever was assigned in the motion itself, and whatever else may have been said in argument no reference was made to the absence of a reply.

Three reasons were given in support of the objection to the introduction of evidence, all of them relating expressly to the contents of the petition, and none of them relating, directly or otherwise, to the answer or to the want of a reply. To reverse a judgment on account of either of the rulings complained of, when made under such circumstances, would be to permit the very injustice against which the rule referred to is designed to guard. (*The State v. Everett*, 62 Kan. 275, 62 Pac. 657.)

The judgment is affirmed.

All the Justices concurring.