No. 27,606.

JOE KOURY, *Appellant*, v. LOUIS RAPALINO, *Appellee*.

(261 Pac. 578.)

SYLLABUS BY THE COURT.

1. JUSTICES OF THE PEACE—*Appeal—Trial De Novo.* When a case is tried in justice court, and appealed and tried *de novo* in the district court, erroneous rulings of the justice court are no longer important.

2. APPEAL AND ERROR—*Necessity for Specific Objection—Pleadings.* One who files a motion in general terms for judgment on the pleadings, and does not point out the specific point on which he relies—here that defendant had no verified denial—and the case proceeds to trial on its merits as though such motion had not been made, or as though a verified denial had been filed, he cannot, on appeal to this court, predicate error on the ruling of the court overruling his motion for judgment on the pleadings.

Appeal from Crawford district court; DANIEL H. WOOLLEY, judge. Opinion filed December 10, 1927. Affirmed.

*Thomas W. Clark,* of Pittsburg, for the appellant.

*C. S. Denison* and *E. V. Bruce,* both of Pittsburg, for the appellee.

Appeal and Error, 3 C. J. pp. 746 n. 16, 796 n. 77; 4 C. J. p. 729 n. 52. Justices of the Peace, 35 C. J. pp. 612 n. 98, 622 n. 54, 629 n. 69, 631 n. 87, 636 n. 55, 819 n. 32, 835 n. 99.

The opinion of the court was delivered by

HARVEY, J.: This is an action brought originally in the city court at Pittsburg, having the practice of a justice court, for a real-estate commission. A trial resulted in a judgment for plaintiff for $25. Plaintiff appealed to the district court, where a trial to a jury resulted in a verdict for defendant. Plaintiff has appealed, and complains of rulings of the city court. Since an appeal was taken to the district court the trial there was *de novo* (R. S. 61-1003) and the rulings of the city court are no longer material.

At the beginning of the trial in the district court plaintiff moved for judgment on the pleadings. The record does not disclose that any reason was pointed out why that motion should be sustained. It was overruled. The case proceeded to trial on its merits to final judgment. Plaintiff now contends that the court erred in overruling his motion for judgment on the pleadings. This is the sole question presented; the evidence is not before us. The pleadings consisted of the plaintiff's bill of particulars, which contained allegations usual in an action for a real-estate commission. Plaintiff had verified this by an affidavit that the allegations were true and that defendant was justly indebted to him in the sum for which suit was brought. Defendant had filed nothing. Plaintiff contends that his action was on an account duly verified, as that term is used in R. S. 61-805.

While the word "account" as used in this statute has been given rather a wide meaning (*S. K. Rly. Co. v. Gould,* 44 Kan. 68, 24 Pac. 352), it would be going further than this court has ever gone to hold that plaintiff in this case sued on an account. No account is attached to his bill of particulars. He evidently framed his bill of particulars to plead a contract between him and defendant and the performance of the contract on his part, but we shall not take the trouble to analyze this feature of the case carefully, since appellee raises no question in this court on this point.

Pleadings in the justice court are permitted to be less formal than those in the district court. Ordinarily allegations of a bill of particulars are deemed denied without written answer. Defendant is not required to file a bill of particulars unless requested by the plaintiff, and no request was made in this case. One who moves for judgment on the pleadings and relies on a lack of verified denial by defendant must make his point clear to the court. He cannot bury

it in a motion for judgment in general terms. (*Collis v. Kraft,* 118 Kan. 531, 532, 235 Pac. 862.) Ordinarily it would be the duty of the court, if the point were distinctly made, to permit a verified denial to be made at that time. Moreover, one who moves for judgment on the pleadings for the reason that his opponent's answer is not verified must stand on that point to make it available to him on appeal. (*Bowser & Co. v. Bathurst,* 91 Kan. 611, 613, 138 Pac. 585.) If he proceeds with the trial as though such motion had not been made, or as though the pleadings in question had been properly verified, he waives the question. (*Keizer v. Remington,* 71 Kan. 305, 80 Pac. 570; *Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075.) The purpose of having verified pleadings is to settle the issues and avoid the necessity of trying matters not in dispute. (*Blair v. McQuary,* 100 Kan. 203, 206, 162 Pac. 1173, 164 Pac. 262.) Where the issues are fully tried out and a party has not been hampered in presenting his case by the lack of his opponent's pleading being verified, the question of whether it was verified is no longer important.

The judgment of the court below is affirmed.