No. 33,992

The Bankers Commercial Corporation, *Appellant*, v. Edward M. Markl, doing business as Markl Buick, *Appellee*.

(84 P. 2d 896)

Opinion filed December 10, 1938.

*William E. Carson*, of Kansas City, and *Lancie L. Watts*, of Kansas City, Mo., for the appellant.

*Russell C. Hardy*, of Kansas City, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This action was commenced in the city court to recover a judgment against the defendant for $205.50. After a regular trial a judgment was rendered in favor of defendant and against the plaintiff for costs. From this judgment the plaintiff attempted to appeal within ten days by filing with the clerk of the city court a bond and a notice of appeal, the bond being approved by the judge of the city court, and the clerk of the district court on receiving the transcript and other papers filed the same and docketed the appeal.

The name of an entire stranger to the case followed the notice, as if it were being given by such stranger, although it was signed by the attorney for the plaintiff and the names of the real parties to the

action were given in the notice. The first question involved is whether such a notice and bond gave the district court jurisdiction of the case. The plaintiff moved the district court for leave to amend the notice by attaching the name of the real plaintiff, which motion was overruled. The plaintiff then moved to dismiss the case (not the appeal), which motion was allowed and the case was dismissed without prejudice at plaintiff's cost. At the next succeeding term of court the defendant filed a motion to set aside the judgment or order dismissing the case on plaintiff's request because the district court had no jurisdiction of the subject matter on account of no proper notice of appeal having been filed and the motion to amend the same having been overruled. This motion of defendant was sustained because the court found that the notice of appeal was defective, and the court therefore had no jurisdiction of the case, and the appeal on motion of the defendant was dismissed. From this judgment the plaintiff appeals to this court, assigning as error the rulings refusing the request to amend the notice of appeal and in sustaining defendant's motion to set aside the judgment and dismiss the appeal.

Was the notice of appeal defective or void, or did it, together with the appeal bond, which is not questioned, give the district court jurisdiction of the case? G. S. 1935, 61-1001, requires the filing of a notice of appeal in the court from which the appeal is taken in all appeals from justice of the peace and city and county courts in civil cases within ten days from the date of the judgment or order. The following is a complete copy of the notice of appeal, including the acknowledgment of service of copy thereof, on the attorney for defendant:

"NOTICE OF APPEAL.

"Before Harvey J. Emerson, judge of the second district, city court of Kansas City, Wyandotte county, Kansas. Bankers Commercial Corporation, plaintiff, vs. Edward M. Markl, doing business as Markl Buick, defendant. No. 18396.

"*State of Kansas, County of Wyandotte, ss:*

"Appeal from judgment of Harvey J. Emerson, judge of the city court.

"To Edward M. Markl, doing business as Markl Buick, or Russell Hardy, his attorney.

"TAKE NOTICE: That an appeal has been taken to the district court of Wyandotte county, Kansas, from the judgment of Harvey J. Emerson, judge of the second district, city court of Kansas City, Wyandotte county, Kansas, rendered on the 22d day of May, 1936, for costs in favor of the defendant, Edward M. Markl, doing business as Markl Buick, and against plaintiff, Bankers Commercial Corporation, a corporation.

"Dated at Kansas City, Wyandotte county, Kansas, this 27th day of May, 1936.          MAYTAG ACCEPTANCE CORPORATION, a Corporation, *Appellant,*
"By L. L. WATTS, *Its Attorney.*
"Received copy of the above notice of appeal this 27th day of May, 1936.
"RUSSELL C. HARDY, *Attorney for Defendant."*

Prior to the enactment of chapter 229 of the Laws of 1931 (G. S. 1935, 61-1001) there was no requirement to file notice of appeal to the district court from judgments rendered in those subordinate courts in civil cases, but the appeal was then effected by the filing and approval of a bond. Now it requires both. In the case of *Brockman v. Bayman,* 135 Kan. 238, 10 P. 2d 31, no notice of appeal was filed, and this court held:

"Under the act relating to appeals from justices of the peace and city and county courts in civil cases (Laws 1931, ch. 229) a distinct notice must be filed within ten days stating clearly that an appeal is taken from a specified decision or judgment, as a primary and prerequisite requirement to an effective appeal." (Syl. ¶ 3.)

Referring now to the language of the notice, does it state clearly that an appeal is taken from a specified decision or judgment? If it does, the defendant has not been misled or misinformed. The body of the notice of appeal states that an appeal has been taken to the district court from the judgment of the city court rendered on a definite day for costs in favor of the defendant (naming him) and against "the plaintiff, Bankers Commercial Corporation." The notice was not over the name of the plaintiff, the Bankers Commercial Corporation, as it should have been, but the name of another corporation appeared at the close of the notice as if put there by the attorney for the plaintiff.

A very similar matter under the statute for the giving of an appeal bond in a condemnation matter was involved in the case of *Sheridan v. Phillips Pipe Line Co.,* 134 Kan. 260, 5 P. 2d 817, and it was there held:

"An appeal bond given by the landowner for the purpose of appealing from the award of condemnation commissioners containing the name of an entire stranger to the record in the obligation paragraph thereof, instead of the name of the corporation instituting the condemnation proceedings, is not void but only irregular, informal and defective, and such as can be amended when the bond contains such references to the parties, proceedings, purposes and obligations of the appellant as are shown in the opinion herein to have been embodied in the appeal bond in this case." (Syl.)

In the case of *Burke v. Missouri-K.-T. Rld. Co.,* 132 Kan. 625,

296 Pac. 380, which was also a condemnation case, there was one appeal bond given in the name of the owner of ten separate lots that were each for a separate amount condemned, and it was held that the bond was not void but only defective and would give the district court jurisdiction.

In the recent case of *Jones v. Kansas City*, 145 Kan. 591, 66 P. 2d 579, it was held:

"The notice of claim need not describe the place of accident with precise exactness, but the description of the place of accident must reasonably comply with the statute. It should be sufficiently definite to enable the city authorities, in the exercise of reasonable diligence, to locate the place intended by the notice." (Syl. ¶ 2.)

In the case of *Smith v. Smith*, 107 Kan. 628, 193 Pac. 314, an appeal was taken from a ruling of the probate court allowing two separate claims against the estate and giving only one bond, and some of the statutory words were omitted from it. It was there held that the district court obtained jurisdiction.

In the case of *Mercantile Co. v. Wimer*, 97 Kan. 31, 154 Pac. 216, it was held:

"An appeal bond in a justice of the peace court is not necessarily void because it fails to follow all the statutory requirements, and if defective a proper bond may be filed in the district court." (Syl. ¶ 2.)

It was held in *Hayhurst v. Saile*, 130 Kan. 844, 288 Pac. 539:

"One who has notice of such facts as would cause a reasonably prudent man to inquire as to other facts germane to the principal fact in question is chargeable with knowledge of such further facts as he might have learned by diligent inquiry." (Syl. ¶ 2.)

In *Kelchner v. Kansas City*, 86 Kan. 762, 121 Pac. 915, it was held:

"An undertaking on appeal from proceedings to appropriate land for park purposes, running to the park board instead of the city as required by law, was not void but was informal, and it was proper to allow an amended undertaking to be filed after the period for taking an appeal had expired." (Syl. ¶ 1.)

From these and similar decisions it must be concluded that the notice of appeal was not void, but was only defective, and the defect did not deprive the district court of jurisdiction of the appeal, and permission should have been granted plaintiff to amend the notice as requested.

The next ruling of the court was correct in dismissing the case without prejudice at the request of the plaintiff, and the last rulings

made setting aside the order dismissing the case without prejudice and dismissing the appeal were erroneous, because they were based upon the contention of the defendant that the district court had no jurisdiction of the case on account of the defective notice of appeal. Where, then, does that leave the case? The dismissal of the case without prejudice entirely wipes the slate of the judgment in the city court against the plaintiff for costs and without an adjudication, because an appeal from a judgment in the city court or court of a justice of the peace leaves nothing in the city court or court of a justice of the peace, but takes the whole matter to the district court for trial *de novo*. This is different from an appeal from a district court to the supreme court, because the appeal in the latter case is only for a review of errors and not for a trial *de novo*. G. S. 1935, 61-1003, provides for the manner of taking an appeal from a court of a justice of the peace or city or county court, and further states:

"The district court shall try and determine the same as if originally filed therein. . . ."

This statute, before it was superseded in 1931, referred to the case being tried *de novo* on such appeal (R. S. 61-1003). In *Koury v. Rapalino,* 124 Kan. 582, 261 Pac. 578, under that old statute it was said that when such appeal is taken the case is to be tried *de novo* and the rulings of the justice court are no longer important. Substantially the same provision is made by statute for an appeal from a judgment in the probate court (G. S. 1935, 22-1107), and it was said in the opinion in the case of *Darnell v. Haines,* 110 Kan. 363, 203 Pac. 712, that—

"The decision here, however, turns upon the effect of an appeal from the probate court. If the district court takes the case for trial *de novo,* then all proceedings in the court below are superseded and the dismissal by the plaintiff of his appeal would leave nothing pending in the probate court. . . . the appeal from the probate court gave the district court jurisdiction of the entire proceedings and the dismissal there left nothing pending in the probate court. Under the statute the appellant had the right to dismiss his case in the district court without prejudice to future action. The court sustained the motion, as the statute requires, and the appellant paid the costs. The court had no more authority to set aside the order at the request of the administrator than it would have had in the first place to deny the motion." (p. 364.)

Since the notice of appeal was sufficient, together with the appeal bond, to give the district court jurisdiction of the case for a trial *de novo,* there was nothing left of the city court judgment for costs

or anything else, so the dismissal of the case in the district court by the plaintiff without prejudice left no judgment or proceedings in either court. We find error in the setting aside of the earlier judgment of dismissal, and direct that such judgment setting aside the order of dismissal of the case be reversed. It is so ordered.