(966 P.2d 694)
No. 78,544

STATE OF KANSAS, *Appellee*, v. KENNETH E. DERUSSEAU, *Appellant*.

—

Opinion filed October 9, 1998.

*James D. Wenger*, Ryan, Condray and Ryan, L.L.C., of Clay Center, for the appellant.

*Kim W. Cudney*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., GERNON, J., and PADDOCK, S.J., assigned.

PIERRON, J.: Derusseau was charged with driving under the influence (DUI) of alcohol or drugs in violation of K.S.A. 1997 Supp. 8-1567, and fleeing or attempting to elude a police officer in violation of K.S.A. 1997 Supp. 8-1568 (eluding). A trial was held before the district magistrate judge and Derusseau was found guilty of DUI and not guilty of eluding. Derusseau appealed the DUI conviction to the district court.

The district court found under applicable Kansas law that if Derusseau wished to appeal from the magistrate court, he would be required to stand trial de novo on both of the charges brought in the magistrate court, including the charge on which he had been acquitted. Derusseau's objection to this procedure was overruled.

A jury found Derusseau guilty of eluding but was unable to reach a verdict on the DUI. Later, he was found guilty of the DUI. Derusseau appeals his conviction for eluding. The DUI conviction was not appealed.

Derusseau claims a violation of the prohibition against double jeopardy. A violation of the prohibition against double jeopardy is a question of law, and the appellate court's review is de novo. *State v. Ninci*, 262 Kan. 21, 55, 936 P.2d 1364 (1997).

We must first review the controlling statutory provisions. The pertinent part of K.S.A. 1997 Supp. 22-3609a granting a defendant's right of appeal states: "(1) A defendant shall have the right to appeal from any judgment of a district magistrate judge. . . . (3) . . . The case shall be tried *de novo* before the assigned district judge." The appeal hearing is explained in K.S.A. 22-3610. It provides: "(a) When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint . . . . The case shall be tried *de novo* in the district court." K.S.A. 1997 Supp. 20-302b governs the powers of and appeals from district magistrate judges: "(c) In accordance with the limitations and procedures prescribed by law, and subject to any rules of the supreme court relating thereto, any appeal permitted to be taken from an order or final decision of a district magistrate judge shall be tried and determined *de novo* by a district judge . . . ."

K.S.A. 22-3602(c) provides that appeals by the prosecution from decisions made by district magistrate judges to district judges are enumerated in subsection (b) of K.S.A. 22-3602. The cases enumerated in that subsection are:

"(1) From an order dismissing a complaint, information or indictment;

"(2) from an order arresting judgment;

"(3) upon a question reserved by the prosecution; or

"(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime."

The prosecution is barred from trying the same offense, based upon the same facts, under K.S.A. 21-3108(1). That statute provides:

"(1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:

(a) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction."

To bar a subsequent prosecution under K.S.A. 21-3108, three elements must be present. First, a conviction or an acquittal must have resulted from the prior prosecution; second, the evidence introduced at the prior prosecution must have been evidence of the present crime; and third, the offense in the second prosecution

must have been one which could have been charged as an additional count in the prior prosecution. *State v. Freeman*, 236 Kan. 274, 286, 689 P.2d 885 (1984). All three elements are present in Derusseau's case.

The State has no authority to appeal other than that granted by statute. An appellate court has jurisdiction on the State's appeal only if it is taken timely and in the manner prescribed by the applicable statutes. *State v. Unruh*, 263 Kan. 185, 189, 946 P.2d 1369 (1997). Clearly, the State in this case was not statutorily entitled to appeal the district magistrate judge's finding of not guilty. The State bootstraped the charge of eluding onto Derusseau's appeal of his DUI conviction. The State argues the language in K.S.A. 1997 Supp. 22-3609a and K.S.A. 22-3610(a) allows it to do so.

The State argues a defendant takes the risk on an appeal de novo that all charges on the original complaint can be reprosecuted. Because the district court must conduct a de novo trial on appeal and decide the case on the original complaint, the State reads K.S.A. 22-3610(a) to grant it authority to reinstate *all* charges on the original complaint. This view does not address contradictions in two other statutes: K.S.A. 1997 Supp. 20-302b(c) and K.S.A. 21-3108(1)(a).

While de novo trials on appeal to the district court are allowed, they are limited. K.S.A. 1997 Supp. 20-302b(c) provides de novo trials are allowed "[i]n accordance with the limitations and procedures prescribed by law." The Supreme Court has used this limiting language in another case which argued an appeal of any decision from the magistrate court to the district court requires a de novo hearing. In *State v. Kleen*, 257 Kan. 911, 896 P.2d 376 (1995), the magistrate court at the preliminary hearing found the evidence insufficient to establish probable cause. The State appealed pursuant to K.S.A. 22-3602. The district court found the State's appeal was not properly docketed because it had not filed a transcript. The State argued 20-302b(c) provided a hearing de novo of any decision by a district magistrate judge and a transcript was not necessary. The court disagreed. In *Kleen*, the court noted that the same statute that applies to an appeal from the magistrate court to the district court also applies to appeals from the district court to

the Supreme Court. The court stated that if the appeal had been a direct appeal from a district court order dismissing a complaint, the review by the Supreme Court would have examined only the legal issues raised.

The court held that an appeal from the magistrate court filed under K.S.A. 22-3602 required the district court to review only the legal issues raised. Thus, when K.S.A. 1997 Supp. 20-302b is read with 22-3602, limiting a hearing on appeal, it appears a case will not necessarily begin entirely anew with a de novo hearing on appeal to the district court.

In this case, the State's assertion that a de novo trial is authorized by K.S.A. 1997 Supp. 20-302b conflicts with the statutory prohibition against second prosecutions after the defendant has been acquitted, as found in K.S.A. 21-3108(1)(a). K.S.A. 21-3108 is clear that prosecution is barred after an acquittal for the same crime and upon the same facts. This statute is the codification of a defendant's constitutional double jeopardy protection. *State v. Johnson*, 261 Kan. 496, 498, 932 P.2d 380 (1997). In Derusseau's case, the reprosecution was for the same crime, in the same case, and upon the same facts. The State is not arguing it is a different crime or different facts. The State does not address this statutory prohibition against reprosecution. Using the analysis of the *Kleen* court, the limiting language of K.S.A. 1997 Supp. 20-302b(c), and the statutory prohibitions of K.S.A. 21-3108(1)(a), the State's assertion of its right to a de novo trial on an acquitted charge upon a defendant's appeal of any remaining charges fails.

We also note that the Fifth Amendment Double Jeopardy Clause of the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Harlin*, 260 Kan. 881, 883, 925 P.2d 1149 (1996). The double jeopardy guaranty is enforceable against the states through the Fourteenth Amendment. Kansas has an analogous double jeopardy clause in Section 10 of the Kansas Constitution Bill of Rights. The Kansas Constitution Bill of Rights double jeopardy protection is equivalent to the United States Constitution double jeopardy protection. 260 Kan. at 883.

Three different types of protection for a person accused of committing a crime exist under the Double Jeopardy Clause of the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights. " ' "Double jeopardy protection shields an accused from: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." [Citation omitted.]' " 260 Kan. at 883-84. Derusseau argues the reprosecution of the eluding charge violated the first protection of double jeopardy.

The primary purpose of prohibiting reprosecution after an acquittal is to prevent the government from mounting successive prosecutions and thereby wearing down the defendant. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 307, 80 L. Ed. 2d 311, 104 S. Ct. 1805 (1984). In *Lydon*, the trial level was a two-tier system similar to the district magistrate court and district court in this case.

Lydon elected a first-tier bench trial on his charge of knowing possession of implements designed for breaking into an automobile to steal property. He was convicted and sentenced. The trial judge rejected Lydon's claim the prosecution had failed to present evidence of intent to steal. Lydon appealed and requested a de novo jury trial. Before trial, he moved to dismiss the charge on the ground that no evidence of intent had been presented at the bench trial. He argued retrial was prevented by the Double Jeopardy Clause, which bars a second trial when a reviewing court reverses a conviction on the ground that evidence presented at the first trial was legally insufficient. The motion was denied, and Lydon appealed to the Massachusetts Supreme Court.

The Massachusetts Supreme Court found no appellate court had ruled that the evidence was insufficient at his bench trial and that a trial de novo without a determination as to the sufficiency of the evidence at the bench trial would not violate the Double Jeopardy Clause. Lydon appealed to federal court, which found for Lydon. The United States Supreme Court reversed the lower federal court decisions and found double jeopardy was not applicable. Although

not factually identical, the *Lydon* court analyzed factual situations where a defendant would be acquitted at the first-tier trial.

The *Lydon* court states a two-tier court which allows a defendant to obtain de novo review without alleging error eliminates a concern that the two-tier system affords the prosecution another chance to obtain evidence which it did not have at the first trial.

"A claim that our decision in this case creates an incentive for a prosecutor to hold back and learn the defendant's case in the first trial, in order to hone his presentation in the second, is unpersuasive. The prosecution has every incentive to put forward its strongest case at the bench trial, because an acquittal will preclude reprosecution of the defendant. Although admittedly the Commonwealth at the *de novo* trial will have the benefit of having seen the defense, the defendant likewise will have had the opportunity to assess the prosecution's case. Because in most cases the judge presiding at the bench trial can be expected to acquit a defendant when legally insufficient evidence has been presented, it is clear that the system provides substantial benefits to defendants, as well as to the Commonwealth. . . .

". . . In traditional systems, a convicted defendant may seek reversal only on matters of law; in the Massachusetts system a defendant is given two opportunities to be acquitted on the facts. If he is acquitted at the first trial, he cannot be retried." 466 U.S. at 311-12.

The court also decided a similar factual case on due process grounds in *Blackledge v. Perry*, 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974). In *Blackledge*, the defendant was charged with a misdemeanor assault with a deadly weapon and convicted at a bench trial. The state law allowed a person convicted in district court to an appeal de novo in superior court. The defendant filed an appeal for a de novo trial. The statutes provided that when an appeal is taken, the prior conviction is annulled and the prosecution and defense begin anew in superior court. After the filing of the notice of appeal but prior to the appearance for trial de novo in superior court, the prosecution obtained a grand jury indictment, charging the defendant with felony assault with a deadly weapon with intent to kill and inflict serious bodily injury. The indictment covered the same conduct for which the defendant had been tried and convicted in the district court. The defendant entered a plea of guilty to the indictment in superior court and was sentenced. Months later, he filed a writ of habeas corpus in federal district

court based upon double jeopardy and deprivation of due process of law claims.

The United States Supreme Court upheld the federal district court's ruling that bringing the felony charge after filing the appeal violated the defendant's rights. However, the Supreme Court stated its holding was based upon a violation of due process, not double jeopardy. 417 U.S. at 31. It further stated there was no evidence that the prosecutor in the case acted in bad faith or maliciously in seeking the felony indictment. 417 U.S. at 28. The *Blackledge* Court held: "[I]t was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo.*" 417 U.S. at 28-29. In its due process analysis the Court stated:

"A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial *de novo* in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's [*sic*] going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a *de novo* trial.

". . . A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." 417 U.S. at 27-28.

While Derusseau's eluding charge was not asserting a new or more serious offense, the result is the same when a prosecutor reinstitutes the acquitted charges upon a defendant's de novo appeal. Under the Due Process and Double Jeopardy Clauses, the State cannot reprosecute the acquitted eluding charge even though Derusseau requested a de novo appeal of the DUI conviction.

We believe the language cited by the State in the appeal statute is not in conflict with the double jeopardy provisions in our statutes and constitution. The de novo provisions apply only to those charges which *can* be tried de novo, *e.g.*, those of which the defendant has not be acquitted.

The cases cited by the State, *State v. Burkett*, 231 Kan. 686, 648 P.2d 716 (1982), and *City of Topeka v. Mayer*, 16 Kan. App. 2d 567, 826 P.2d 527, *rev. denied* 250 Kan. 804 (1992), are too factually dissimilar to the instant case to be of use.

We therefore reverse the conviction for the offense of fleeing or attempting to elude a police officer and discharge Derusseau on that charge.

Reversed.