No. 90,166

CITY OF SALINA, *Appellant*, v. JOHN LEROY AMADOR, *Appellee*.

106 P.3d 1139

Opinion filed March 4, 2005.

*Jennifer L. Wyatt,* city prosecutor, of Salina, argued the cause and was on the brief for appellant.

*Julie A. McKenna,* of McKenna and Trocheck, of Salina, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: John Leroy Amador was convicted in municipal court of battery and criminal damage to property. He appealed his convictions to the district court. The appeal was dismissed without prejudice for failure to prosecute. The City of Salina (City) refiled his case in municipal court and he was convicted again of the same charges. He appealed and the district court dismissed all charges on the basis of double jeopardy. The Court of Appeals in *City of Salina v. Amador,* 32 Kan. App. 2d 548, 85 P.3d 724 (2004), reversed, and we granted the defendant's petition for review.

The question before this court is whether the defendant's double jeopardy rights were violated by a subsequent prosecution of the same charges in municipal court following the district court's dismissal of his appeal without prejudice. The Court of Appeals answered no to this question. We agree and affirm the Court of Appeals' decision reversing the district court.

John Leroy Amador was convicted of battery and criminal damage to property in Salina Municipal Court. He perfected his appeal to the Saline County District Court. On the day the defendant's case was set for hearing before the district court, the City appeared by its attorney and the defendant appeared in person and by his attorney. The City requested a continuance of the hearing because

some of its witnesses were not present. The district court denied the City's request and granted the defendant's motion to dismiss the charges without prejudice. The key to understanding the decision of this court is that the dismissal before the district court was granted without prejudice.

Following dismissal without prejudice, the City refiled the same charges in municipal court under a new case number, and the defendant was tried and again convicted of battery and criminal damage to property. The defendant again appealed to the district court; he moved to dismiss the charges on double jeopardy grounds.

The district court granted the motion after conducting a hearing. The court reasoned that the proper procedure would have been for the City to file an appeal from the district court order dismissing the case without prejudice. The court cited *State v. Derusseau*, 25 Kan. App. 2d 544, 966 P.2d 694 (1998), as setting precedent that jeopardy attaches after a hearing and a finding by a magistrate court. As such, the court concluded that prosecution of the defendant in municipal court following the dismissal of charges on appeal violated the defendant's double jeopardy rights.

The Court of Appeals reversed, concluding that the City was not required to pursue an appeal under 22-3602(b)(1) from the district court's initial dismissal of charges without prejudice. The court held that the defendant's initial appeal from his municipal court convictions vacated the defendant's municipal court convictions and provided for a trial de novo on the charges in the district court. When the defendant's case was called for hearing, the district court dismissed the City's charges against the defendant without prejudice. Such a dismissal does not implicate double jeopardy and allowed the City to refile the defendant's case again before the municipal court. 32 Kan. App. 2d at 550-53.

Review of the district court's dismissal of the refiled charges against the defendant based upon double jeopardy is a question of law, and this court's review is unlimited. See *State v. Barnhart*, 266 Kan. 541, 543, 972 P.2d 1106 (1999).

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill

of Rights provide that no person shall be twice placed in jeopardy for the same offense." *State v. Perry*, 266 Kan. 224, 228, 968 P.2d 674 (1998).

"The Double Jeopardy Clause of the United States Constitution provides three different types of protection for a person charged with a crime. Double jeopardy protection shields an accused from: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Wittsell*, 275 Kan. 442, Syl. ¶ 1, 66 P.3d 831 (2003).

K.S.A. 21-3108 codifies this double jeopardy protection. It provides in relevant part:

"(1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:
(a) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction."

We are able to answer the question posed by considering answers to the following three questions: (1) Were the defendant's original municipal court convictions vacated when the defendant appealed to district court for a trial de novo, (2) did jeopardy attach after the appeal and charges against the defendant were dismissed without prejudice by the district court, and (3) was the City's only remedy upon dismissal by the district court an appeal to the Court of Appeals?

(1) Effect of Appeal to the District Court

We first consider whether the defendant's appeal of his municipal court convictions to the district court vacated his municipal court convictions. If upon the defendant's initial appeal to the district court, the defendant's convictions were vacated, a second prosecution would not be barred under K.S.A. 21-3108(4)(c), which provides:

"(4) A prosecution is not barred under this section:
. . . .
(c) If subsequent proceedings resulted in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

K.S.A. 2003 Supp. 22-3609(1) provides:

"The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas. . . . The appeal shall *stay* all further proceedings upon the judgment appealed from." (Emphasis added.)

See also K.S.A. 12-4601.

The plain language of the statute provides that all proceedings are stayed on appeal. "Stay" is defined as "[t]he postponement or halting of a proceeding, judgment, or the like," or "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." Black's Law Dictionary 1453 (8th ed. 2004). In contrast, "vacate" is defined as "[t]o nullify or cancel; make void; invalidate." Black's Law Dictionary 1584 (8th ed. 2004).

K.S.A. 22-3610(a) provides: "When a case is appealed to the district court . . . [t]he case shall be tried *de novo* in the district court." De novo review of the municipal court convictions to the district court encompasses a new trial on the convictions appealed from and is not limited to evidence and arguments raised at the municipal court level. See *Reddington v. Rank*, 176 Kan. 484, 271 P.2d 807 (1954). An examination of the cases relied upon by the Court of Appeals and others supports the conclusion that the effect of an appeal of convictions from the municipal court to the district court is to stay and vacate, under certain conditions, the municipal court convictions.

In *State v. Burkett*, 231 Kan. 686, 687, 648 P.2d 716 (1982), this court considered whether the State could refile a felony charge in the de novo appeal proceeding to the district court that it had agreed to dismiss through plea bargaining in the proceedings before the magistrate judge. In ultimately concluding that the State was not precluded from asserting the original charges, we reasoned in part:

"The quoted statute, K.S.A. 22-3609a [providing for an appeal from judgment of magistrate judge], gives defendant this privilege as a matter of right. The effect of the appeal is to stay all further proceedings before the district magistrate judge. The case is to be tried de novo before the district judge or an associate district judge. The pleas entered before the district magistrate judge are automatically vacated; otherwise there would be no reason for a trial. The proceedings start afresh; arraignment must be held; new pleas must be entered; a jury may be

demanded; and if conviction results, the judge must direct the disposition, whether by fine, sentence, suspension of sentence, probation or otherwise. *The plea, conviction and disposition had before the district magistrate judge are subject to automatic vacation by the appeal; none remain.*" (Emphasis added.) 231 Kan. at 690.

In *State v. Rose*, 29 Kan. App. 2d 355, 28 P.3d 431, *rev. denied* 272 Kan. 1422 (2001), the magistrate judge suppressed the defendant's breath alcohol test at the hearing on his driving under the influence charge, and the State did not appeal this ruling. Nevertheless, the defendant was convicted and appealed his convictions to the district court. In a trial de novo, the district court admitted the results of the breath alcohol test and the defendant was again convicted. The defendant appealed, arguing that the State was bound by the magistrate's suppression order because it did not appeal the ruling pursuant to K.S.A. 2000 Supp. 22-3602 and K.S.A. 22-3603.

The Court of Appeals found that the right of appeal granted the prosecution under these statutes would be an important right if the suppressed evidence were essential to the case, however, when the evidence was not crucial, the prosecution could elect to proceed to trial without the evidence. The court reasoned that the fact "the State could have taken an interlocutory appeal from the suppression order of the magistrate judge is of no consequence under the facts of this case." 29 Kan. App. 2d at 359. The court found the appeal "automatically vacated all orders entered by the magistrate judge," and the district court had to determine both the facts and the law in a de novo trial. 29 Kan. App. 2d at 360.

*Burkett* and *Rose* are obviously distinguishable from this case in that they dealt with what is now K.S.A. 2003 Supp. 22-3609a, appeals from proceedings before a magistrate judge, and this case deals with K.S.A. 2003 Supp. 22-3609, appeals from the municipal court. However, we have deemed the reasoning in *Burkett* regarding whether arraignment is necessary on appeal from the magistrate judge to be "instructive" in considering whether arraignment was necessary upon appeal from a municipal court conviction. See *City of Wichita v. Maddox*, 271 Kan. 445, 452, 24 P.3d 71 (2001); see also *City of Halstead v. Mayfield*, 19 Kan. App. 2d 186, 865

P.2d 222 (1993) (applying rationale used in determining when a judgment is appealable from magistrate judge to appeals from municipal court).

Further support for this conclusion is found in *State v. Legero*, 278 Kan. 109, 91 P.3d 1216 (2004), in which the majority concluded that a probation revocation order made by a magistrate judge was not appealable to the district court under K.S.A. 2003 Supp. 22-3609a. In so finding, it cited with approval a Court of Appeals case which had found that an appeal to the district court from a municipal court order revoking probation was not authorized under K.S.A. 2003 Supp. 22-3609(1). Relevant to this case, we discussed the effect of appeals under both statutes:

"The appeal 22-3609a affords a defendant from a judgment does not operate as a review of the propriety of any judicial determination. Rather, the case is transferred to the district court where it will be tried de novo and guilt or innocence determined anew in the district court. On appeal, the case becomes a district court case as if filed there originally. The proceedings in the magistrate court have no bearing on the case as it comes before the district court. *Unless the appeal is dismissed, the proceedings held in the magistrate court leave no footprint.*

"This procedure set forth in K.S.A. 2003 Supp. 22-3609a is virtually identical to the appeal afforded to a defendant who has been convicted in municipal court. . . .

. . . .

"The difference in the wording of K.S.A. 2003 Supp. 22-3609, 'from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas,' and the 'any judgment' language of 22-3609a applicable herein was held to be a distinction without a difference in *State v. Remlinger*, 266 Kan. at 107. The procedures set forth in both statutes are virtual mirror images of each other. There is no appellate review of any prior order or judgment. For all practical purposes, the prosecution starts over." (Emphasis added.) 278 Kan. at 114.

While the dissenting opinion disagreed regarding the right to an appeal under K.S.A. 2003 Supp. 22-3609a, it did not take issue with the practical effect of what happens when convictions are appealed to district court for a trial de novo under two similar statutes. Thus, *Legero* provides further support for the use of cases concerning K.S.A. 2003 Supp. 22-3609a as persuasive authority in this case.

Additionally, we find the following cases concerning a similar appeal process in Kansas history from a justice of the peace or city court to the district court are instructive. In *State v. Curtis*, 29 Kan. 384 (1883), the defendant appealed his misdemeanor conviction before a justice of the peace to the district court for trial. In the district court, instead of asking leave to file an amended complaint, the State filed an information for the same offense and moved to dismiss the original appeal. The defendant argued that compelling him to go to trial on the second information, which was filed when a conviction for the same offense already existed, placed him in jeopardy for a second time. This court rejected that argument, reasoning in relevant part:

"It is insisted that the appeal from the judgment of the justice did not vacate such judgment, but only suspended it, and the case of *State v. Volmer*, 6 Kan. *379, is cited. But there is this difference between that case and the one at bar: there the appeal was from the district court to this [court] for review, and here from the justice to the district court for trial. Yet even in that case it was held that the appeal suspended the judgment for all purposes. *A fortiori*, the appeal in this case was equally potent. Further, while doubtless the appellant may dismiss his appeal, and thus reinstate and make final the judgment against him, yet *the appeal conditionally vacates the judgment*. [Citations omitted.] *There is after the perfecting of the appeal only a pending prosecution. The case stands in the district court for trial as an original prosecution there. The state may dismiss the prosecution, and then there is no judgment or case in any court.*" (Emphasis added.) 29 Kan. at 386.

In *Bankers Commercial Corp. v. Markl*, 148 Kan. 789, 84 P.2d 896 (1938), the defendant prevailed in a civil suit in the city court, and the plaintiff appealed the assessment of costs to the district court. The district court dismissed the case without prejudice at the plaintiff's request, and then changed its mind and erroneously dismissed the appeal based on a defective notice of appeal. Regarding the status of the case, this court reasoned:

" 'The dismissal of the case without prejudice entirely wipes the slate of the judgment in the city court against the plaintiff for costs and without an adjudication because an appeal from a judgment in the city court or court of a justice of the peace leaves nothing in the city court or court of a justice of the peace, but takes the whole matter to the district court for trial de novo. This is different from an appeal from a district court to the supreme court because the appeal in the latter case is only for a review of errors and not for a trial de novo. G.S. 1935, 61-1003,

provides for the manner of taking an appeal from a court of a justice of the peace or city or county court, and further states:

'The district court shall try and determine the same as if originally filed therein. . . .' " 148 Kan. at 793.

As the procedure in K.S.A. 2003 Supp. 22-3609a is "virtually identical" to that set forth in 22-3609(1), the above cases provide the same persuasive authority in resolving the question in this case. While we agree with the Court of Appeals' interpretation of the provisions of K.S.A. 2003 Supp. 22-3609a as vacating the municipal court judgment in this case, we also find the *Curtis* court's characterization of the appeal as conditionally vacating the judgment the best description of the effect of appealing a municipal court conviction to the district court. This is because the defendant's voluntary dismissal of the appeal to the district court results in the reinstatement of the municipal court judgment. As an appeal from a municipal court conviction calls for a trial de novo, the appealed conviction before the municipal court must be conditionally vacated. If the defendant does not dismiss his or her appeal, and the case is dismissed by the district court with or without prejudice, or the case is actually heard de novo before the district court, the municipal court conviction appealed from is vacated.

In this case, the defendant did not dismiss his first appeal and the district court dismissed the case without prejudice prior to the commencement of a trial de novo. The phrase "without prejudice" generally means " ' "there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought." ' " *State v. Heigele,* 14 Kan. App. 2d 286, 288, 789 P.2d 218 (1990). The defendant's and the district court's actions thus had the effect of wiping the slate clean of the judgment in municipal court. See *Bankers Commercial Corp.,* 148 Kan. at 793. We conclude that the appeal for trial de novo under K.S.A. 2003 Supp. 22-3609a, which was not dismissed by the defendant, coupled with the district court's dismissal of the case without prejudice, had the effect of vacating the municipal court conviction.

(2) Attachment of Jeopardy

In his petition for review, the defendant relies primarily upon *City of Bonner Springs v. Bey*, 236 Kan. 661, 694 P.2d 477 (1985), and *State v. Derusseau*, 25 Kan. App. 2d 544, 966 P.2d 694 (1998), in arguing that he was improperly prosecuted, convicted, and sentenced twice in municipal court in violation of double jeopardy rights. The defendant argues that jeopardy attached after his first municipal court conviction, prohibiting a second prosecution on the same charges in the municipal court.

In *City of Bonner Springs*, the defendant appealed his municipal court conviction and the district court dismissed the action because the City failed to introduce evidence that the defendant had been notified of an outstanding warrant. On appeal by the City on a question reserved, this court found that although the district court erred in dismissing the case, jeopardy had attached pursuant to K.S.A. 21-3108 (Ensley 1981) and further proceedings against the defendant were barred by double jeopardy. This was because the de novo case on appeal had commenced. See also *City of Liberal v. Witherspoon*, 28 Kan. App. 2d 649, 654, 20 P.3d 727 (2001) (double jeopardy prevented remand of case even though district court erroneously dismissed the case on appeal from municipal court for failure to present a prima facie case).

Likewise in *Derusseau*, the defendant was charged with driving under the influence and attempting to elude a police officer. He was convicted of only the DUI charge and acquitted of the eluding charge following a municipal court trial. The defendant appealed the DUI conviction and the district court required him to stand trial on both charges. Upon conviction of both charges, the defendant appealed the eluding conviction, claiming it violated his double jeopardy rights. The Court of Appeals held that constitutional and statutory prohibitions against double jeopardy precluded retrial on the eluding charge upon appeal for trial de novo on the DUI charge. 25 Kan. App. 2d at 544-51.

As noted by the Court of Appeals, *City of Bonner Springs* is distinguishable from this case because no evidence was presented at the district court level in the present case and the de novo trial

in the district court had not commenced. See *State v. Beerbower*, 262 Kan. 248, Syl. ¶ 4, 936 P.2d 248 (1997) (defendant is not in jeopardy in a case tried to the court until the court begins to hear evidence). The district court dismissed this case without prejudice prior to any evidence being heard or witnesses being sworn.

Although *Derusseau* demonstrates that jeopardy can attach in municipal court, the distinguishing factor is that the defendant in *Derusseau* was acquitted of the charge in municipal court, while the defendant in this case was convicted of the charges in municipal court. The defendant in this case is not undergoing a second prosecution for the same offense after a conviction, because the appeal and dismissal without prejudice had the effect of vacating the municipal court conviction.

We additionally note that the United States Supreme Court has found that a defendant who chose to be tried de novo under Massachusetts' two-tiered system for trying minor crimes could be prosecuted a second time. The Court drew comparisons to a convicted defendant who successfully appealed and had his or her conviction reversed and remanded for new trial. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 304-05, 80 L. Ed. 2d 311, 104 S. Ct. 1805 (1984).

Although this case is one step removed from *Lydon* because the City chose to prosecute the case again in municipal court after the dismissal, its reasoning can be carried through to the facts of this case. If the City was free to prosecute the defendant again in a trial de novo in district court under *Lydon*, it follows that a second prosecution in municipal court after a dismissal of the appeal by the district court without prejudice would not violate double jeopardy. A second prosecution at the district court level carries a much heavier consequence for a defendant who would not have the benefit of a de novo review on appeal, while the defendant in this case was still entitled to a de novo appeal after a second conviction in municipal court.

The defendant's municipal court conviction in this case was stayed by his appeal to the district court. The district court's dismissal of the appeal without prejudice vacated all proceedings in the municipal court. Since the dismissal by the district court was

made prior to the court hearing any evidence or swearing any witnesses, jeopardy did not attach at the district court level. Thus, the defendant may be prosecuted again on the same charges in the municipal court without violating double jeopardy.

(3) Failure to Appeal to Court of Appeals

The defendant also argues that once the original case was dismissed, the City's only option was to appeal the district court's denial of its request for a continuance and dismissal of the charges pursuant to K.S.A. 2003 Supp. 22-3602(b)(1), which provides in relevant part:

"(b) Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:
(1) From an order dismissing a complaint, information or indictment."

In his petition for review, the defendant relies primarily upon *Ball v. United States*, 163 U.S. 662, 41 L. Ed. 300, 16 S. Ct. 1192 (1896), in arguing that the prosecutor failed to follow proper appellate procedure by appealing the district court's dismissal of her case. In *Ball*, the defendant was acquitted of the murder charge and his codefendants were found guilty. The codefendants' convictions were overturned on appeal based on a fatally defective indictment, and on remand the defendant was convicted of murder based on the new indictment. The defendant's conviction was reversed on appeal on double jeopardy grounds. 163 U.S. at 669-71.

While the defendant does not provide this court with much argument, it appears he is trying to draw an analogy between the two municipal court trials in this case and the two district court trials in *Ball*. However, the *Ball* case does not provide any authority for the defendant's position as it involved a conviction after an earlier acquittal and did not involve municipal court convictions or require the State to appeal the charges dismissed in the district court. The fact that the codefendants in *Ball* appealed their convictions to this court does not suggest that the City in this case was required to appeal the district court's dismissal of the charges without prejudice.

As noted by the Court of Appeals, nothing in the language of the statute indicates that an appeal to the Court of Appeals was

the City's only source of redress after the case was dismissed without prejudice. This is evidenced by the statute's use of the permissive directive "may" rather than a mandatory directive of "shall." Moreover, nothing in the plain language of the statute prohibits the City from refiling the charges in municipal court rather than appealing to the Court of Appeals.

This conclusion is supported by *State v. Zimmerman & Schmidt*, 233 Kan. 151, 660 P.2d 960 (1983). In that case, the State appealed the dismissal of the complaint after a preliminary hearing, and the defendant argued that the State should not be authorized to elect between either refiling the complaint and proceeding to a new preliminary hearing or appealing the dismissal under 22-3602(b). This court rejected this argument, reasoning in relevant part:

> "This appeal from the order of the district court dismissing the burglary count in the complaint is expressly authorized by statute as a matter of right. *The possibility that the State may choose not to appeal the district court's order and instead refile the complaint should additional witnesses or new evidence be procured does not alter the right to appeal clearly authorized by the statute.* It neither contemplates nor requires, as the appellees contend, that an appeal may only be perfected where a complaint, dismissed during pretrial procedures, cannot be refiled. We are mindful of the rule of statutory construction that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations, which simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citations omitted.] The rule does not permit or justify a disregard of manifest legislative intention appearing from plain and unambiguous language." (Emphasis added.) 233 Kan. at 154-55.

Although *Zimmerman* is clearly distinguishable from this case because it dealt with a preliminary hearing rather than an appeal from a municipal court conviction, it demonstrates that this court has concluded that the opportunity to appeal the dismissal of a complaint under 22-3602(b) or to refile the complaint are not mutually exclusive. We conclude that both the plain language of the statute and *Zimmerman* provide that the City's remedy to the dismissal was not limited to an appeal but included refiling the charges in municipal court if the original municipal court conviction was vacated or set aside.

## Conclusion

In this case, the defendant appealed his municipal court convictions to the district court for a trial de novo and at no time did the defendant voluntarily dismiss his appeal. The appeal coupled with the district court's dismissal of the defendant's case without prejudice vacated the municipal court convictions and had the same effect as if the original case had never been prosecuted. The district court dismissed the defendant's appeal before hearing any evidence or the swearing of any witnesses. Thus, jeopardy did not attach at the district court level.

The City was not required to appeal the dismissal without prejudice pursuant to K.S.A. 2003 Supp. 22-3602(d) and could refile the original charges in the municipal court. Since jeopardy did not attach at the district court level and the defendant's initial municipal court convictions and sentences were vacated based upon the defendant's appeal and the district court's dismissal without prejudice, the City's prosecution of the defendant on the same charges did not violate the defendant's jeopardy rights. Thus, we affirm the Court of Appeals' decision reversing the district court and remand the case to the district court with directions to set aside the order dismissing the case.

Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed, and the case is remanded with directions.