NOT DESIGNATED FOR PUBLICATION

No. 113,343

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF HUTCHINSON,
*Appellee*,

v.

DANIEL JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH Rose, judge. Opinion filed December 23, 2015.
Affirmed in part and reversed in part.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Michael C. Robinson*, of Forker, Suter, Robinson & Bell LLC, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*:  Daniel Jackson appeals from his conviction of driving
without a valid license. For the reasons stated below, that conviction is reversed.

*Procedural background*

On May 7, 2014, Jackson was involved in a car accident in Hutchinson,
Kansas. Due to his involvement in the accident, Jackson was cited for driving
while suspended and following too closely. The municipal court found him guilty

1

of following too closely and driving without a valid driver's license. Jackson appealed to the district court.

The district court conducted a bench trial. Jackson's certified driving record which showed a suspended status was admitted at trial. He claimed, however, that he had never obtained a driver's license. The district court believed Jackson's testimony and found him guilty of driving without a license instead of driving while suspended. Its journal entry reflects that it found Jackson guilty of "Amended Count I, driving without a valid driver's license." The parties do not allege that the record contains any other reference to an amendment, or that the traffic citation was amended by interlineation, or that any amended complaint or citation was ever filed. Jackson was also convicted of following too closely but does not challenge that conviction on appeal. The district court sentenced him to 6 months in jail and a $35 fine, plus court costs.

On appeal, Jackson argues that the district court erred in convicting him of driving without a license. Jackson claims that:  (1) the district court tried the case de novo, which required it to consider the charges in the original complaint; (2) the amendment of the complaint was improper because it resulted in him being charged and convicted with a different crime; and (3) the Double Jeopardy Clause precludes him from being prosecuted again for driving while suspended. We agree.

*Our scope of review*

We use an abuse of discretion standard in reviewing a district court's decision to allow a complaint or information to be amended. *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006). Generally, the district court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable, based on an error of

2

law, or based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). But the district court may also abuse its discretion when its decision "goes outside the framework of or fails to properly consider statutory limitations or legal standards." *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 (2007). The burden of establishing that the district court abused its discretion is on the appellant. *Bischoff*, 281 Kan. at 205.

*The charge at the trial de novo*

We begin by reviewing the nature of Jackson's appeal from the municipal court's finding that Jackson violated a traffic ordinance. When a defendant has been found guilty of violating an ordinance of a Kansas municipality by a municipal court, the defendant has the right to appeal to the district court of that county. K.S.A. 2014 Supp. 22-3609(1) The relevant statute, K.S.A. 22-3610(a), establishes that on "appeal," the case shall be tried de novo in the district court:

> "When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried de novo in the district court."

When the district court conducts a de novo trial, "the municipal court conviction appealed from is vacated." *City of Salina v. Amador*, 279 Kan. 266, 274, 106 P.3d 1139 (2005). Under K.S.A. 22-3609 there is no appellate review of previous orders or judgments, and the prosecution, for practical purposes, starts over. *State v. Legero*, 278 Kan. 109, 114, 91 P.3d 1216 (2004).

But the prosecution starts over based upon the original complaint. See K.S.A. 22-3610(a) (providing that the court shall hear and determine the cause on

3

the original complaint). The original complaint against Jackson was never found to be defective, and the record does not reflect that the court ordered a new complaint to be filed. On appeal, the prosecution admits that the City never moved to amend the complaint and no such motion was granted by the trial court. Thus the charge against Jackson at the trial de novo before the district court was the original charge of driving while suspended.

The city prosecutor admitted as much during the trial, after defense counsel's closing argument, in saying:

> THE COURT: Mr. Robinson, before you speak, the file shows that Mr. Jackson was convicted of following too closely and operating with no driver's license, not driving while suspended. Would you all confirm that?
> MR. ROBINSON: I believe that to be true but when you appeal, it's trial de novo and you start with the original charges.
> THE COURT: Okay. Go ahead.

*De facto amendment*

The City sings a different tune on appeal, arguing that the very fact that Jackson was convicted in municipal court of driving without a license necessarily means that his appeal was from that charge. It concedes, however, that the parties and the district court "erroneously proceeded" under the belief that the charged offense was driving while suspended. It notes that Jackson was found guilty of driving without a license in municipal court, so his appeal would be from that conviction and his only argument on appeal should be to challenge the sufficiency of the evidence.

This argument would have a certain logical appeal were the district court proceedings in the nature of a typical appeal rather than a trial de novo, but we

4

reject it as contrary to the controlling statute, which specifically provides that when a case is appealed to the district court such court shall hear and determine the cause on the original complaint. K.S.A. 22-3610(a). Because the stated exceptions to that rule are not present here, we apply the plain language of the statute.

*Court's amendment of the complaint*

Although the trial de novo was on the charge of driving while suspended, the district court amended the complaint to conform to the evidence presented when it convicted Jackson of driving without a license. Jackson argues that the district court erred in allowing the complaint to be amended because driving while suspended and driving without a license are different crimes.

The right to amend a complaint or information is statutory. *State v. Matson*, 260 Kan. 366, 370, 921 P.2d 790, (1996). K.S.A. 22-3201(e) provides that a complaint or information may be amended "at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." This statute governs amendments made during the course of trial. *State v. Ferguson*, 221 Kan. 103, 105, 558 P.2d 1092 (1976). According to K.S.A. 22-2202(8), the definition of a complaint includes a traffic citation signed by a law enforcement officer. On review, we apply a two-step analysis to determine whether an amendment made during trial is proper. *Matson*, 260 Kan. at 370. We first ask whether the amendment charged the defendant with an additional or different crime. 260 Kan. at 370. If not, we ask whether the amendment prejudiced the defendant's substantial rights. 260 Kan. at 370; see *State v. Wilson*, 240 Kan. 606, 608, 731 P.2d 306 (1987); *State v. Wentz*, No. 97,080, 2007 WL 413136, at *2 (Kan. App. 2007) (unpublished opinion). Pursuant to this statute, "'the trial court may permit an information to be amended at any

5

time before verdict if no new crime is charged and if substantial rights of the defendant are not prejudiced.'" *Ferguson v. State*, 276 Kan. 428, 441, 78 P.3d 40 (2003); see *State v. Rasch*, 243 Kan. 499, 758 P.2d 214 (1988).

Here, the amendment charged an additional or different crime. Jackson was cited for violating Hutchinson Standard Traffic Offense (STO) 194, which is the same as K.S.A. 2014 Supp. 8-262, driving while suspended. But the district court convicted Jackson of violating Hutchinson STO 192, or K.S.A. 2014 Supp. 8-235, driving without a license. K.S.A. 2014 Supp. 8-235 requires proof that the defendant was driving without a license, and K.S.A. 2014 Supp. 8-262 requires proof that the defendant at one point had a license that is now canceled, suspended, or revoked or proof that the defendant's privilege to obtain a license is suspended or revoked. Thus driving without a license and driving while suspended are different crimes. See *State v. Bowie*, 268 Kan. 794, 999 P.2d 947 (2000); *State v. Armstead*, No. 108,533, 2014 WL 349561, at *4-5. (Kan. App. 2014) (unpublished opinion) *petition for rev. placed on hold* December 30, 2014.

The City contends that driving without a license is a lesser included offense of driving while suspended. That argument was thoroughly considered and rejected in *Armstead*, and we reject it here. In *Armstead*, the defendant was charged with obstructing official duty and driving while suspending. The district court, however, amended the complaint "'to conform to the evidence and law'" to driving without a license. 2014 WL 349561, at *1. On appeal, the defendant claimed that the district court erred in amending the complaint. Applying the two-step analysis, the panel found that driving while suspended and driving without a license are different crimes which require proof of different elements. 2014 WL 349561 at *4-5. Because it found that the amendment charged the defendant with a new crime, the panel did not consider the prejudice step of the analysis.

6

Ultimately, the panel reversed the defendant's conviction for driving without a license. We do the same here.

> "A district court lacks jurisdiction to convict a defendant of a crime not charged in the complaint unless that crime is a lesser offense of the charged crime. *State v. Ramirez*, 299 Kan. 224, 227-28, 328 P.3d 1075 (2014); *State v. Gonzales*, 289 Kan. 351, 367, 212 P.3d 215 (2009); *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000). A district court has no jurisdiction to enter judgment for an uncharged crime regardless of the evidence presented at trial. *Gonzales*, 289 Kan. at 367." *State v. Vasquez*, No. 110,735, 2014 WL 5614635, at *2 (Kan. App. 2014) (unpublished opinion).

Accordingly, we find that the district court lacked jurisdiction to convict Jackson of driving without a valid license, and that it abused its discretion in attempting to amend the complaint during trial to add a new crime.

*Double jeopardy*

Finally, Jackson argues that the Double Jeopardy Clause prevents him from being prosecuted again for driving while suspended.

The district court did not make a specific finding as to the charge of driving while suspended. Instead, its journal entry finds Jackson guilty of "Amended Count 1, driving without a valid driver's license," and "guilty of Count 2, following too closely." The district court made no ruling on the charge of driving while suspended because the court had amended that charge sometime during the trial to driving without a valid driver's license, working a de facto dismissal of the former charge. Jackson's prosecution for that charge was thus terminated without his consent after he had been placed in jeopardy, so he cannot be prosecuted again for the charge of driving while suspended based on that same incident. See K.S.A. 2014 Supp. 21-5110 (a)(3).

7

We affirm Jackson's conviction for following too closely, and we reverse his conviction for driving without a valid driver's license.